*338 Ford, J. delivered the opinion of the court.
The plantiff, Moses Dodd, bound himself to build a large public house at the Mineral Spring in Essex, according to a contract and plan, for the gross sum of $7,500. The contract contained, however, a clause in substance, that if the employers should require any additions, alterations, or omissions, in these various works, that compensation should be allowed therefor according to fair valuation. And, accordingly, the builder was directed to make some additions, and many considerable alterations, which necessarily occasioned omissions ; all which he executed in a workman-like manner. In making his account, he charged the sum stipulated in the contract of $7,500; to which he added a very particular list of items for alterations and additions not contemplated in the original agreement or plan, and prices were annexed to every such item according to the opinion he entertained *285] *of what they were respectively worth. After sundry unsuccessful efforts for an amicable adjustment, and after an attempt had failed to settle by arbitration, the plaintiff resorted to an action, and obtained a verdict for $953.37; which verdict is now alleged by the defendants to be against law, and greatly against the weight of evidence.
The evidence now to be reviewed, was the special agreement and plans of building originally contemplated, extra work, in additions and alterations, required under the clause before mentioned, with their various prices; the omissions of work allowed for in the original contract and unperformed, or waived by alterations; and payments that had been made on account, respecting which there appeared no dispute. The contract was indispensably in evidence, for I take it to be a point fully settled, that additions, alterations and substitutions, made in any agreement while it is performing, nob amounting to an entire change of plan, do not either vacate or rescind the agreement first made, but are to be paid for in addition to the gross sum mentioned in the agreejnent; and such being here agreed on by a special clause, *339 the oourt so charged the jury in very express terms. And, therefore, the plaintiff’s first charge would be the sum stipulated for in gross or lump, as it is called, of $7,500. To this is to be added the value of additions and alterations required of the plaintiff during the progress of the work. This view totally excludes the award; and, accordingly, by the charge of the court, the jury was precluded from taking the award into consideration. If, therefore, they made the amount of the award their guide, they acted without law or evidence. It was first admitted upon very straightened conditions, and when more light was shed upon it, the court rejected it as being illegal evidence. Nor does there appear any proof, either conclusive or probable, that it was assumed either as the basis or guide of what was done by the jury afterward. The coincidence between the sum awarded, and the amount of the verdict might exist, even supposing the jury had never heard of an award. A jury must not be ■charged with errors by presumption without proof.
From whence it follows, that if the verdict be contrary to evidence, it is for that the jury have allowed higher prices for such extra work than the evidence given will countenance; or have ^allowed work as extra which never was [*286 required; or else have mistaken the payments.
Now the plaintiff’s counsel have presented a statement, which comprises, in aggregates, the plaintiff’s entire demand, which is as follows:
The price as lumped in the special agreement.... $7,500 00
Centre pediment agreed on by both parties....... 310 00
Extra work as rendered in his first statement.... 1,834 16 Extra work as rendered in addition by a second
statement........................................... 1,034 58
'Thus making an amount in total, of................$10,678 74
Deduct payments acknowledged in his statement. 9,421 42
There remains a balance due him of. . $1,257 32.
*340 On the other hand, many items comprised in those aggregates, are challenged as being overrated, or charged too-high; and certainly the evidence given by master workmen, distinguished for their experience, judgment, character and' standing, would shew those charges to be very exorbitant, if evidence by workmen of experience and character, had not-been adduced to shew them reasonable. The preponderance-of proof as respects this matter, is not so clear or decisive as it should be, according to the principles of law, to authorize-the court to impeach a verdict.
But again; other items comprehended in those aggregates, are challenged as being utterly inadmissible; these-are the following:
Ira Munn's account, amounting to................... $108 5T
The ice-house.............................................. 131 59'
Allowed in the contract for privies.................. 150 00
Building the bar......................................... 129 00-
Building the stairs....................................... 477 00
Paid in the contract for common walls.............. 20 00
$1,016 16--
Now if these items, amounting to $1,016.16, should have been disallowed, in point of law and fact, their rejection-could not have left a balance of principal owing to the plaintiff of more than $241.16. Let us now examine these items-each one by itself.
*287] *To charge' the company $108.57 for what Ira -Munn, their tenant, stood indebted to the plaintiff, was-admitted by the plaintiff to be a mistake. Ira Munn, it-appeared, had paid the account for himself.
- The charge of $131.59 for the ice-house, must follow the persons who ordered the work; they were, Ira Munn jointly with" the defendants; they agreed to build this house between them, and each is presumed in law accountable for one half as between themselves. The plaintiff has settled with Munn, and given to .him a discharge in full. The discharging of a *341 joint partner is a discharge of the whole. According to the evidence, there is no pretence for charging more than one-half to the present defendants.
The privies being built more expensively than they were intended by the original contract, and this by request of the ■employers, the plaintiff had the work all estimated (exclusive ■of the paint and painting) at $443.48, and we must suppose the estimate is not too high. But then he had been allowed already in the estimate for building two privies $150, which must, of consequence, be deducted, or else he gets the whole, .and $150 more. Nothing can be plainer than this.
The charge of $129 for building the bar, represented as ■extra work, is clearly an error. The plaintiff was to be allowed, by the words of the contract, for all extra work that should be required of him. There is no spark of evidence that this was required, nor could he make any additions of his own head, without requirement. The evidence .is also quite full against it. Dr. Babbit, the agent, never heard of such a requirement. Mr. Dodd built it as part of his original contract; he consulted with nobody. The building was constructed expressly for a tavern or hotel, in which a bar is implied. An hotel or tavern is not ever ■considered as finished without having a bar, any more than ■doors are finished without handle or latch. Mr. Dodd put up the bar in course as part of his original contract, without requirement; and in doing so gave a practical interpretation ■of what he felt it was his duty to do, under the general allowance of $7,500. And so both parties understood it long after the building was finished, and also long after the account of extra work had been all taken and rendered by the plaintiff himself.
*The charge of $477 for building the stairs, is still [*288 more inadmissible as a separate charge; nor did it enter the imagination of Mr. Dodd, through all their contentions and all the accounts he rendered, till the last extremity. The house was to be built three stories for 7,500 dollars. It outrages *342 common sense, to pronounce it done in workman-like manner, without stairs between the several stories. The opinion® of workmen were all against it. Besure if stairs are excepted, and a contract exists with some other person to put them up-in a particular form or style, they are then called extra work. Now here they were not excepted, nor did a contract exist, with another person to put them up; they were a part of the very work which he had contracted to do. The pretence has-not any foundation in evidence, nor even in plausibility.
The plaintiff was required to make certain walls hard finish, which, by the contract, were only .to be common walls. The valuation put on the walls, hard finished, may. be all right; but then the price of making common walls, under the original agreement, must surely be deducted. How much this is, does not satisfactorily appear. I have supposed it to be 20 dollars.
The plaintiff makes due to himself (allowing all his-demands) a balance of $1,257.32. But then his demand contains items to the amount of $1,016.16, for which there-appears no evidence, or rather the evidence lies all against them. If these illegal items are deducted, the balance due-them cannot exceed $240; and yet the jury have found a verdict of $950 for him; that is, $700 more than is supportable by the evidence they had, without misconstruing the contract, or adopting illegal evidence. I am fully satisfied, that either from multitude of witnesses or multifariousness of facts, or confusion of ideas, always incident to accounts of very great complexity, the jury have erred, not from bad intent, but from honest mistake, and justice imperiously requires another examination.
The paper submitted to us, signed by five of the twenty-eight defendants, in which they express their satisfaction at the fairness of the trial, and their consent that the verdict should be established, and final judgment entered thereon, is no legal barrier to the granting of a new trial. The broad position assumed by the plaintiff’s counsel, that a *343 new trial cannot be granted at the instance of some of several defendants, cannot be sustained. Such *a [*289 principle would be most dangerous and prejudicial in practice. If true, one among many defendants, although himself irresponsible, might, even by collusion, charge the rest with a verdict exorbitant in amount and utterly condemned by the law and fact of the case. The position derives no support from the supposed analogy to the power of one partner to bind the firm during the continuance of the partnership. It is much more like an unwarrantable attempt of one partner to confess a judgment against the whole. The cases cited by the plaintiff’s counsel are not in point. Berrington s case, 3 Salk. 362, was in trespass against several; the plaintiff had a verdict, and a new trial was moved for, because as to one, the verdict was against evidence. The court said, they could not set aside the verdict as to some and not as to others. In Bond v. Spark, 12 Mod. 275, the action was trespass against three; two were acquitted and one found guilty. The latter moved for a new trial, because the verdict was against evidence. The court said a new trial could not be granted except against all. In Parker v. Godin, 2 Str. 814, it was said, if one defendant be acquitted and the other found guilty, the defendant can have no new trial. Butler 316, merely states the same doctrine. Jackson v. Wakeman, 1 Cowen, 177, was on a motion for judgment as in case of non-suit for not going to trial; in which it was held that one only of several defendants, cannot move for such judgment.
The defendants have presented legal grounds for a new trial.
Let them have it, on payment of costs.