## THE PEOPLE *v.* McNEALY.

WHERE defendant is acquitted because of a variance between the proof and the indictment, and the variance is such that a conviction is legally impossible, he has not been "in jeopardy" within the Constitution, and cannot plead his acquittal in bar to a second indictment.

Where on trial upon an indictment for assault with intent to inflict bodily injury, the proof shows a misnomer as to the party injured, this variance will not be rendered immaterial by sec. 243 of the Criminal Practice Act, unless there be in the case other circumstances sufficient to identify the offense; and the defendant cannot be legally convicted without such other circumstances.

APPEAL from the Court of Sessions of El Dorado.

On the seventh day of March, 1860, defendant was indicted for an assault with a deadly weapon, etc., with intent to inflict upon the person of another a bodily injury—the name of the party injured being charged in the indictment to be Sin Groon. March 9th, 1860, defendant plead "not guilty." On the fifteenth day of the same month, the cause came on for trial, and the prosecution introduced one Hancock as a witness, who testified among other things, that the Chinaman upon whom the assault was committed, was known by the name of Lin Goon. Thereupon a *nolle prosequi* was entered as stated in the opinion of this Court, and another indictment—stating the person assaulted to be John Doe, a Chinaman, whose real name was unknown to the grand jury—was found for the same offense, to which defendant plead "not guilty" and "former acquittal." On the trial the Court excluded all evidence tending to sustain the plea of "former acquittal,"—defendant excepting. Verdict of guilty. Defendant appeals.

*John Hume*, for Appellant.

The Constitution of the United States provides : " Nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." (See amendments to Const. art. 5.)

The Constitution of the State of California says : " No person shall be subject to be twice put in jeopardy for the same offense." (Const. of Cal. art. 1, sec. 8.)

A defendant is in jeopardy as soon as in a Court of competent jurisdiction, upon a legal, regular and sufficient indictment, the defendant has been arraigned and plead, and a jury has been sworn to try the cause, and the defendant has been actually placed upon trial.

After the jury has been thus charged with a case, they cannot be discharged without a verdict, except by consent of the defendant, or upon some inevitable necessity, and if discharged, except as last stated, such discharge operates as an acquittal and a bar to any further prosecution. ( *Com.* v. *Cook*, 6 Serg. & Rawl. 577 ; *Com.* v. *McFadden*, 11 Harris, 12 ; *Com.* v. *Clue*, 3 Rawl. 498 ; *Wil-*

People *v.* McNealy.

*liams* v. *Com.*, 2 Grattan, 568; *Com.* v. *Fells*, 6 Leigh, 613; *State* v. *Garrigrus*, 1 Hayes, 241; *Spier's case*, 1 Dever. 491; *State* v. *Ephraim*, 2 Dev. & Batt. 162; *Mahala* v. *State*, 10 Yerger, 532; *Ned* v. *State*, 7 Porter, 188; *Wright* v. *State*, 5 Indiana, 290; *Weinzorpflin* v. *State*, 7 Blackf. 186; *Miller* v. *State*, 8 Indiana, 325.)

Upon the question of necessity there have been conflicting decisions in this, that in some States it has been held that when a jury could not agree, such necessity had arisen for the discharge of the jury. In other States it has been held that the mere inability to agree was not a case of necessity, for the Court could never say, that the jury would not in time agree. But our statute has settled that question, and gives the Courts a right to discharge the jury when they shall have been satisfied that the jury could not agree. (Wood's Dig. art. 1656; Crim. Pr. 409–410.)

Our statute has provided fully in regard to the discharge of a jury. And if a jury shall be discharged without authority of law, the legal effect is acquittal. The cases where a discharge is allowed without a verdict, are where a juror is taken sick; where the parties consent, and where it satisfactorily appears to the Court that the jury cannot agree. (Wood's Dig. art. 1656, secs. 409, 410.) No case of necessity or propriety had arisen here. The testimony had only commenced, and it was impossible for the Court to know whether the person assaulted would finally appear to be better known by the name of Sin Groon or Lin Goon.

Again: the variance if any there should be, was immaterial. (Wood's Dig. art. 1538, sec. 243.)

*Thos. H. Williams, Attorney General,* for Respondent.

The only point made in this case by the counsel for the appellant, is settled by the case of the *People* v. *March* (6 Cal. 543).

The misnomer of the party injured was fatal to the case. (Wharton's Am. Crim. Law, 2d Ed. 218.)

COPE, J. delivered the opinion of the Court—FIELD, C. J. and BALDWIN, J. concurring.

The defendant was indicted for an assault with intent to inflict

bodily injury.   Upon the trial it turned out that there was a mis-nomer of the party injured, and the District Attorney thereupon moved that the indictment be discharged and the case referred to another grand jury.   This motion, which was made after the intro-duction of a witness for the prosecution, was granted by the Court, the defendant excepting.   Another indictment was found, and to this indictment the defendant pleaded a former acquittal, predicated upon these proceedings.

It is unnecessary for us to determine the propriety of the action of the Court in discharging the first indictment, and referring the case to another grand jury.   Even a *verdict* of acquittal under that indictment could not have availed the defendant, and admitting that the proceedings amounted to an acquittal, no greater effect can be given to it than that resulting from a verdict under similar cir-cumstances.   The statute provides that " where the acquittal is for a variance between the proof and the indictment, which may be obviated by a new indictment, the Court may order the detention of the defendant, to the end that a new indictment may be pre-pared," etc.   (Wood's Dig. 303, sec. 431.)   We see nothing in this provision in conflict with the provision of the Constitution, that " no person shall be subject to be twice put in jeopardy for the same offense."   It would be a contradiction in terms to say that a person was put in jeopardy by an indictment under which he could not be convicted, and it is obviously immaterial whether the inability to convict arise from a variance between the proof and the indictment, or from some defect in the indictment itself.   If the variance be of such a character that a conviction is legally impossible, the party charged is not in jeopardy within the meaning of the Constitution, and an acquittal under such circumstances cannot be pleaded in bar to a second indictment.   There is no doubt that the variance in this case was material and fatal, and the plea of a former acquittal is not sustained.

Judgment affirmed.

A rehearing having been granted and the case resubmitted, the opinion of the Court was delivered by COPE, J.—FIELD, C. J. and BALDWIN, J. concurring.

In our former opinion in this case we overlooked the two hundred and forty-third section of the Criminal Practice Act, which reads as follows : "When an offense involves the commission, or an attempt to commit private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured or intended to be injured, shall not be deemed material." It is contended by the defendant that the effect of this section was to render the variance between the proof and the indictment immaterial; but we think that such is not the proper construction. It is only where there are other circumstances sufficient to identity the offense, that the statute was intended to operate. There are no such circumstances in this case, and to hold that the defendant could have been convicted notwithstanding the variance, would be to hold that he might have been convicted of an offense different from that charged in the indictment.

Judgment affirmed.