# THE PEOPLE OF THE STATE OF CALIFORNIA *v.* JOEL C. POTTER.

CITY INCORPORATION ACT A PUBLIC ACT.—A legislative Act by which a city is incorporated is a public Act of which Courts are bound to take judicial notice.

MISNOMER OF A MUNICIPAL CORPORATION IN AN INDICTMENT—WHEN NOT A FATAL VARIANCE.—The statutes for the incorporation of the City of San José are entitled as Acts to incorporate "The City of San José;" and, after describing a certain tract of land situated in Santa Clara County, "now called the City of San José," further declare "that it shall henceforth be known as the City of San José." But said Acts provide for a city government, to be a body politic and corporate, by the name and style of "The Mayor and Common Council of the City of San José." P. was indicted for the embezzlement of the moneys of the City of San José, a municipal corporation in Santa Clara County, in the State of California, under and by virtue of certain statutes, etc., citing to said corporation Acts : *Held,* first, that although the name of the owner of the money was wrongly stated in the indictment, yet the offense was, in other respects, described with such certainty as to clearly identify the act intended; and, second, that such erroneous allegation as to the person injured became immaterial under the provisions of the two hundred and forty-third section of the Criminal Practice Act.

DESCRIPTION OF OFFENSE IN INDICTMENT.—In charging an offense it is not necessary to follow strictly the language of the statute by which it is defined. Words conveying the same meaning may be used.

IDEM.—In an indictment against P. for the embezzlement of the moneys of the "City of San José," the municipal government of which, as appears from the legislative Acts of its incorporation, was vested in a Mayor, a Common Council consisting of six members, a City Marshal, a City Clerk, and a City Treasurer— it was alleged that he was, at the time the act charged was committed, "the City Marshal :" *Held,* that it sufficiently appeared from the indictment that P. was at said time an officer of the corporation.

APPEAL from the County Court of Santa Clara County.

The defendant was indicted by the Grand Jury of Santa Clara County for the embezzlement of the moneys of the City of San José. The charging part of the indictment was as follows, to wit:

"The said Joel Potter is accused by the Grand Jury * * of the crime of embezzlement committed as follows: Said Grand Jury say that the City of San José, in the County of Santa Clara, State of California, was, on the 21st day of December, 1865, and for more than one year then last past had

been, a municipal corporation, created and existing under and by virtue of an Act of the Legislature of the State of California, entitled 'An Act to incorporate the City of San José,' passed March 16th, A. D. 1859, and of a certain other Act of the Legislature of said State, entitled 'An Act amendatory of and supplemental to an Act to incorporate the City of San Jose,' passed March 16th, 1859, and all Acts amendatory thereof, passed and approved March 10th, 1863. That on the said 31st day of December, A. D. 1865, and for more than six months then last past, said Joel C. Potter was the legally acting City Marshal of said City of San José, county and State aforesaid; that as such City Marshal of said City of San José, said Joel C. Potter was intrusted to collect and receive certain moneys, to wit: gold and silver coin of the United States—and to keep and hold the same in his custody and under his (said Joel C. Potter's) control; and that at the said time and place, to wit: on the said 21st day of December, 1865, at the said City of San José, county and State aforesaid, said Joel C. Potter, as such City Marshal of said City of San José, did have and hold in his custody certain moneys, goods and chattels, and property, to wit: one hundred and forty pieces of United States gold coin, called double eagles, of the value of twenty dollars each, and twenty pieces of United States gold coin of the value of ten dollars each, and forty pieces of United States gold coin, called half eagles, of the value of five dollars each—which said moneys, goods and chattels were then and there the property of said City of San José. And the Grand Jury aforesaid, upon their oaths do say, that the said Joel C. Potter then and there, and on the said 21st day of December, A. D. 1865, at said City of San José, so being said City Marshal of said City of San José, and then and there so having the care and custody and control of said moneys, goods and chattels, and property as aforesaid, as such City Marshal of said City of San José, did afterwards, to wit: on the day and year last aforesaid, feloniously embezzle, steal, secrete, and fraudulently take and carry away

the said moneys, goods, chattels, and property aforesaid, contrary to the form and force of the statute," etc.

The Court sustained defendant's demurrer to said indictment, and from the judgment rendered on demurrer the People appealed.

The other facts are stated in the opinion of the Court.

*Jo Hamilton, Attorney General,* for the People.

*F. E. Spencer,* for Respondent.

By the Court, SANDERSON, J.:

Two points are made in support of the demurrer to the indictment:

First—That there is a misnomer of the corporate body whose money is alleged to have been embezzled by the defendant, and that such misnomer is fatal.

Second—That the indictment does not state facts sufficient to constitute a criminal offense, because it is not alleged that the defendant was either a servant, or officer, or person employed in any public department of the corporate body whose money he is alleged to have embezzled.

Ordinarily, the first point would not arise upon demurrer to the indictment, but upon demurrer to the evidence. The statute, however, by which the City of San José was incorporated is a public statute, (*Gorham* v. *Springfield,* 21 Maine, 58,) of which we are bound to take notice. By the second section of that statute the corporate name of the city is declared to be "The Mayor and Common Council of the City of San José." In the indictment the name of the corporation is declared to be the "City of San José." It is very clear that the name of the owner of the money alleged to have been embezzled is wrongly stated in the indictment, but it does not necessarily follow that the indictment is bad.

At common law, a substantial variance between the name

of the party injured, or intended to be injured, as laid in the indictment and as given in evidence, is fatal; but we consider that this rule has been materially modified by the statute of this State in relation to practice in criminal actions, which provides that where the offense charged in the indictment is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, shall not be material. (Sec. 243.)

The rule at common law was adopted for the protection of the defendant against a second prosecution for the same criminal act, which protection can be secured only by requiring the act to be so described in the indictment as to admit of no mistake in the future as to its identity; and to that end it was considered most material that the name of the person injured, or intended to be injured, by the alleged criminal act or intent, should be correctly laid in the indictment. The Legislature of this State, however, have assumed that cases may arise in which the act charged may be described with sufficient certainty for the protection of the defendant, notwithstanding a mistake may have been made as to the name of the party injured, or intended to be injured, and, therefore, have provided that in all such cases the mistake shall not be deemed material.

We think the defendant cannot be prejudiced by the mistake in question. The indictment alleges that the person injured is a municipal corporation in the County of Santa Clara, in the State of California, under and by virtue of certain statutes of this State, which are referred to by title.

On turning to those statutes we find them entitled Acts to incorporate the "City of San José," which is the name used in the indictment. The first section describes a certain tract of land situated in Santa Clara County, "now called the City of San José;" and, after giving its boundaries, declares that it shall henceforth be known as the "City of San José." The second section provides a government for said city, and

15

declares that it shall be a body politic and corporate, by the name and style of "The Mayor and Common Council of the City of San José." Thus it turns out that the very means invoked by the defendant to show the misnomer proves too much, for it leaves no doubt as to who is intended to be designated as the party injured by his act, and, therefore, as to the identity of the act itself.

There are cases where the description of the act will be insufficient on the score of identity, unless the true name is given. Of such was *McNealy's Case.* (17 Cal. 332, 336.) The defendant was indicted for an assault with a deadly weapon upon one Sin Groon. The testimony showed that the true name was Lin Goon, and it was held that the variance was fatal, because the other circumstances in the case did not of themselves sufficiently identify the act.

The second point is also untenable. In charging an offense, it is not necessary to follow strictly the language of the statute by which it is defined. Words conveying the same meaning may be used. (Crim. Prac. Act, Sec. 245.) To complete the offense charged, it must undoubtedly be alleged that the defendant was at the time a servant, or officer, or person in the employment of some department of the city government; but it is not necessary that those precise words should be used. The Act incorporating the city declares that "the city government shall be vested in a Mayor, a Common Council consisting of six members, a City Marshal, a City Clerk, and a City Treasurer." This Act, as already suggested, is a public Act, of which we must take notice. We must, therefore, know that one of the officers of the city government is a "City Marshal." Hence the averment in the indictment that the defendant was, at the time the act charged was committed, "the City Marshal," conveys the same meaning as the averment that "he was an officer of the corporation, to wit: City Marshal."

The Court below erred in sustaining the demurrer. Judgment reversed and cause remanded for further proceedings.

Mr. Justice RHODES expressed no opinion.