## STATE v. JENKINS.

1. A person indicted for arson and acquitted by direction of the judge, as the offense did not constitute the crime of arson, was, afterwards, for this same act of burning, put upon his trial for the statutory offense of burning an untenanted house, and he interposed the plea of *autrefois acquit*. *Held*, that this plea was properly overruled.
2. An indictment charged an offense to have been committed at a future day; after the jury was charged, the error being discovered, the indictment was quashed, and a new and correct one found upon which the defendant was put upon his trial. *Held*, that a plea of *autrefois acquit* was properly overruled.
3. The testimony in all cases must correspond with the allegations, and especially in criminal cases.

Before WITHERSPOON, J., Anderson, June, 1883.

The opinion makes a full statement of the case.

*Mr. Columbus Wardlaw*, for appellant.

A person cannot be tried twice for the same offense. It is forbidden by the common law, the Federal and State constitutions. Were the offenses the same? The question turns upon the meaning of the word "offense." "Offense" means any violation of law. Mr. Justice McLean uses the words "same act." 18 *Wall.* 178 ; 1 *Mart. & Y.* 122 ; 1 *Green.* 375 ; 15 *S. C.* 370.

*Mr. J. B. Moore*, same side, cited 1 *Bailey* 651 ; 2 *Treadw.* 517 ; 4 *McCord* 254 ; 2 *Nott & M.* 15 ; 18 *Wall.* 163.

*Mr. Solicitor Orr*, contra.

January 15th, 1884. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The appellant, Wesley Jenkins, was tried and convicted at the June Term, 1883, of the Court of Sessions for Anderson county, of burning an untenanted house. To the indictment, he plead *autrefois acquit*, which being overruled, upon trial he was convicted and sentenced,

the sentence being "confinement in the penitentiary for two years at hard labor."

The appeal raises the single question whether his plea of *autrefois acquit* should have been sustained. To understand this question, the facts must be stated. It appears that the appellant was indicted and tried at the February Term, 1883, of the court for Anderson, for arson, the indictment charging him with having burned a house within two hundred yards and appurtenant to the dwelling-house of one Jesse J. Dobbins, &c. Upon this trial, it being evident that the house burned was not appurtenant to a dwelling-house, under instructions from the court, the jury returned a verdict of not guilty.

At the next term of the court, to wit, in June, 1883, he was again indicted, this time under the act for "Burning an untenanted house." After the jury had been impaneled, but before any testimony was adduced, the solicitor discovered that the accused was charged with having committed the offense on December 19th, 1883, (a future time,) instead of December 19th, 1882, (the real time,) whereupon he moved to quash the indictment, which was ordered against the objection of appellant's counsel, who claimed that his client was entitled to a verdict. The indictment, however, was quashed, and, the grand jury not having been discharged, a new indictment charging the proper time, and that the property belonged to J. Jesse Dobbins instead of Jesse J., as in the first, was found, upon which the accused was tried, and, as above stated, convicted and sentenced.

The question is, Was the offense charged in this last indictment the same as in either of the other two? If so, the appeal should prevail, as there can be no doubt that in such case he could successfully invoke for his protection the principle that no person shall for the same offense be twice put in jeopardy, or, as is said in the constitution, section 18, article I.: "No person after having been once acquitted by a jury shall again for the same offense be put in jeopardy of his life and liberty." The question is a mixed one of law and fact. The facts, however, are not disputed, and, therefore, the question of law is alone to be considered. Were the offenses the same? There is no doubt but that the same occurrence gave rise to all three indictments,

but it is equally clear that no two of these indictments on their face charged the same offense. Because the first charged arson, the second, burning an untenanted house, on December 19th, 1883, and the third, burning an untenanted house on December 19th, 1882. These were all different. The second charged no offense, as it was impossible for the accused to have committed the act on the day mentioned, and the first required essentially different facts to constitute it from the last. So that it is obvious that no two of the indictments on their face charge the same crime.

Let us subject the question to another test. Could the accused have been convicted at the first trial and under the first indictment of the offense charged in either of the other two? When put upon trial for arson, could he have been convicted of burning an untenanted house? Certainly not, as arson does not necessarily embrace the other offense. Nor, inasmuch as the indictment for arson did not contain a charge of facts constituting the other offense, could testimony have been introduced as to the other, as it is a rule of law, that the testimony must correspond with the allegations, a rule applicable to both civil and criminal cases, and especially so to criminal. If then the accused could not, under any circumstances, have been convicted of the present offense in the former trial, how then can it be said that upon the present trial he has been put in jeopardy twice for the same offense, or, in the language of the constitution, " That after having been once acquitted by the verdict of a jury of an offense, he has again been put in jeopardy of his life or liberty for the same "? The same may be said as to the two last indictments—the accused could not have been convicted under either of the offenses charged in the other. The following authorities are referred to to sustain this conclusion : 1 *Arch. Cr. Pl.* 348–351; 9 *East* 441; *State* v. *Taylor,* 2 *Bailey* 49; *State* v. *Glasgow, Dudley* 40; *State* v. *Risher,* 1 *Rich.* 219.

It is the judgment of this court that the judgment of the Circuit Court be affirmed.