[Crim. No. 405. Second Appellate District.—August 3, 1915.]

## THE PEOPLE, Respondent, v. JESUS CASTILLA, Appellant.

CRIMINAL LAW—ROBBERY—VARIANCE—PLEA OF ONCE IN JEOPARDY.— In a prosecution for robbery, where at the trial, and after the jury had been empaneled and several witnesses had testified, the district attorney asked leave to amend the information by inserting a different name from the one in the information upon whom it was alleged the robbery had been committed, but before the court had acted upon the motion, it was withdrawn by the district attorney and he asked the court to instruct the jury to return a verdict of not guilty on the ground of variance between the proof and information, which motion the record does not show was granted by the court, but the jury returned a verdict of not guilty by reason of such variance, the facts do not sustain a plea of once in jeopardy by reason of the former acquittal, in a trial under a new information, as the variance was material and the court was under no duty to order the original information amended.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order denying a new trial. J. W. Curtis, Judge.

The facts are stated in the opinion of the court.

Meyer C. Rubin, and Albert D. Trujillo, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

SHAW, J.—Defendant was convicted upon an information charging him with the crime of robbery. He prosecutes this appeal from the judgment and an order of court denying his motion for a new trial.

In addition to a plea of not guilty interposed to the information, defendant entered a plea of once in jeopardy based upon an alleged former acquittal, as to which latter plea the jury found for the people.

It appears that a complaint was filed with a justice of the peace charging defendant with the robbery of one Enrique Nierago. At the preliminary hearing had before the magistrate it developed that the person robbed was Joaquin Vasquez, and not Nierago. Whereupon the magistrate permitted the district attorney to amend the complaint by inserting the name of Vasquez in place of Nierago. The evidence was such that the magistrate ordered the defendant held for the crime of robbery, as alleged in the complaint thus amended. Thereafter an information was filed charging defendant with the crime, alleging, however, that Nierago was the victim of the robbery. At the trial upon this information, and after the jury had been empaneled and several witnesses had testified, the district attorney asked leave to amend the information by inserting the name of Joaquin Vasquez in lieu of Enrique Nierago, but before the court ruled thereon withdrew the motion and asked the court to instruct the jury to return a verdict of not guilty on the ground of variance between the proof and information. There is nothing in the record showing the granting of this request or the giving of such instruction. It does appear, however, that the jury brought in a verdict of not guilty by reason of such variance. Thereupon the court ordered the detention of the defendant

in order that a new information might be filed against him. At the trial upon this new information the proceedings heretofore related were duly established, and the question is whether such facts support appellant's plea of once in jeopardy.

The contention is based upon section 1008 of the Penal Code, as amended in 1911, [Stats. 1911, p. 436], which provides that an information may be amended by the district attorney without leave of court at any time before the defendant pleads, and that "such amendment may be made at any time thereafter, in the discretion of the court, where it can be done without prejudice to the substantial rights of the defendant." Appellant insists that under this provision the information could have been amended by inserting therein the name of Joaquin Vasquez, without prejudice to the rights of defendant, and that had the court ordered the amendment the trial might have proceeded, resulting in a conviction or acquittal; hence, it is argued, his position was one of jeopardy under the constitution. Assuming that by virtue of the section the information could by order of court have been amended without prejudice to the defendant's rights, such order was not made; nor was there any request, save that withdrawn, for leave to so amend. The law imposes no positive duty upon the court to make such order, but vests it with discretion so to do. Under the circumstances disclosed by the record herein, there was no abuse of discretion on the part of the court in not of its own motion ordering the amendment. It admittedly appears that defendant was not guilty of the commission of the crime charged against him in the information, and hence he was entitled to the verdict of not guilty for the reason assigned. This verdict entitled him to be discharged, unless the court, as provided in section 1165 of the Penal Code, ordered his detention, to the end that a new information be preferred against him. Such order was made. It could not, however, be claimed that by reason of this order defendant could insist that such information be filed and that he be prosecuted thereunder; and it is equally apparent that defendant was in no position to complain on account of the failure to amend the first information, under which he might have been convicted. Clearly, the case was one for the application of the provisions of sections 1021 and 1165 of the Penal Code. Section 1021 pro-

vides: "If the defendant was formerly acquitted on the ground of variance between the . . . information and the proof, . . . it is not an acquittal of the same offense"; and section 1165 provides that "where the acquittal is because of a variance between the pleading and proof, which may be obviated by a new indictment or information, the court may order his detention, to the end that a new indictment or information may be preferred, . . . " It appears that defendant was acquitted on the ground of such variance, and it is immaterial upon the admitted facts whether such verdict was rendered under the direction of the court, as claimed by appellant, or in the absence of such instruction, as shown by the record. Upon the verdict being rendered, the court made an order for defendant's detention, as provided in section 1165. That the variance was material is conceded, and hence, as said in *People* v. *McNealy,* 17 Cal. 333, "it would be a contradiction in terms to say that a person was put in jeopardy by an indictment under which he could not be convicted. . . . If the variance be of such a character that a conviction is legally impossible, the party charged is not in jeopardy within the meaning of the constitution, and an acquittal under such circumstances cannot be pleaded in bar to a second indictment." To the same effect are the cases of *People* v. *Oreileus,* 79 Cal. 178, [21 Pac. 724], and *People* v. *Leong Sing,* 77 Cal. 117, [19 Pac. 254]. In our opinion, while the court might have made an order permitting the suggested amendment of the information, its failure to do so was not error. Conceding, however, that the court erred, defendant could not have been prejudiced by reason thereof.

We find no merit in appellant's contention, and the judgment and order are, therefore, affirmed.

Conrey, P. J., and James, J., concurred.