State v. Jacoby, 25 N. M. 224.

[No. 2238, April 7, 1919.]
## STATE v. JACOBY.

### SYLLABUS BY THE COURT.

1. Where there is a material variance between the allegation and the proof, and the defendant is for that reason acquitted, the acquittal is not a bar to a further prosecution under an indictment charging the offense according to the fact.      P. 225

2. The facts attending the denial of a continuance examined, and held to authorize the action of the court.      P. 227

3. The examination of jurors as to their freedom from bias and prejudice examined, and held to justify the action of the court in overruling challenges for cause by appellant.
P. 227

4. Where the appellant had been admitted to bail and voluntarily absented himself from the trial for a minute or two after the time to which the court had adjourned, it was not error to allow the district attorney to proceed with his closing argument to the jury in appellant's absence.      P. 227

5. Where the court after a colloquy with counsel for defendant announced that defendant had no ground for a mo-

tion for continuance, which was in fact only a verbal application to the court, its action is not reviewable on appeal. P. 227

Appeal from District Court, San Miguel County; D. J. Leahy, Judge.

Sol Jacoby was convicted of unlawfully buying and receiving stolen property, and he appeals. Affirmed.

GEO H. HUNKER, of Las Vegas, for appellant.

H. L. PATTON, Atty. Gen., and C. A. HATCH, Asst. Atty. Gen., for the State.

OPINION OF THE COURT.

PARKER, C. J. Appellant was indicted at the May term, 1916, of the district court of San Miguel county, charging him with unlawfully buying and receiving stolen property. The property was alleged to be that of the Atchison, Topeka & Santa Fe Railroad Company, a corporation. At the following June term he was acquitted. At the same term he was reindicted by the grand jury for the same offense, but the property was charged to be the property of the Atchison, Topeka & Santa Fe Railway Company. Upon this indictment the appellant was tried and convicted and sentenced to the penitentiary, from which judgment this appeal was taken.

[1] The appellant before trial withdrew his plea of not guilty and filed a plea of former acquittal. The plea in bar, by reason of the former acquittal, was denied by the court upon the ground that, as it appeared from the two indictments the ownership of the property was different in the two cases, it being charged in the first indictment to be the property of the "railroad" company and in the second indictment to be the property of the "railway" company.

In this action the district court was evidently correct. A former acquittal under an indictment for buying and receiving stolen property charged to be the property of

"A" is no bar to a prosecution for buying and receiving the same property charged to be the property of "B." The allegation of ownership is an essential allegation in indictments for buying and receiving stolen property, and a departure in the proof from the allegations in the indictment is necessarily fatal to the proceedings. The difference in the name between "railroad" and "railway" is as great a difference as between "Jones" and "Smith."

In United States v. Aurandt, 15 N. M. 292, 107 Pac. 1064, 27 L. R. A. (N. S.) 1181, the first indictment charged the defendant with the embezzlement of a letter containing an article of value, under the federal statute, and charged the article to be a draft for $31. The second indictment charged the article to be a war settlement warrant for $31.57. The court held that the trial upon the first indictment was not a bar to the second indictment, trial, and conviction, because he could not have been convicted under the first indictment upon the proof adduced in the second trial. The court said:

"We consider this case within the principles just quoted and within the well-recognized rule in cases of this kind that the plea will not lie where there is material variance, so that proof of the material fact charged in the second indictment would not have been admissible to secure a conviction under the first."

Just so in the present case. The appellant could not have been convicted in the first case upon the proof of the correct name of the railway corporation. The district court relied upon this case in determining the plea, as appears from the transcript. See in this connection 16 C. J. 243, § 380, where it is said:

"The effect of a material variance between the allegations of the indictment and the proof is to entitle the defendant to an acquittal on the particular indictment, but he is still liable to be tried for his crime."

See, also, as to the materiality of the averment of ownership, Aldrich v. People, 225 Ill. 610, 80 N. E. 320; Commonwealth v. Billings, 167 Mass. 283, 45 N. E. 910; People v. Struble, 275 Ill. 162, 113 N. E. 938.

[**2, 5**]  Appellant complains that the court refused a continuance, to his detriment.  An examination of the bill of exceptions shows that, after a colloquy between the court and counsel for appellant, the latter announced that the appellant had no ground for a motion for continuance, which was in fact only a verbal application to the court, and the action of the court under the circumstances is not reviewable here.

[**3**]  Appellant complains of the action of the court in overruling his challenges for cause to several of the jurors.  The objection is founded upon the fact that several of the jurors sat in the trial of a case on the preceding day in which the appellant was a witness for the prosecution, and in which the defendants were acquitted. The inference is sought to be drawn from the examination of these jurrors that they were necessarily prejudiced against the appellant by reason of the trial on the preceding day.  An examination, however, of the record discloses that each and every one of them qualified as competent and free from bias or prejudice, and the objection, therefore, is not available.

[**4**]  The district attorney commenced his closing argument to the jury a minute or two before the appellant returned to the courtroom, after an adjournment at the noon hour, but not until the time to which the adjournment had been taken had been reached and passed. Counsel for appellant called the attention of the court to the fact, but the court held that under the circumstances, the court having waited until the hour to which the court had been adjourned had been reached and passed, the appellant could not complain if the argument proceeded in his absence.  Counsel for appellant cites the text of 12 Cyc. 524, to the general proposition that the defendant must be present during the argument of counsel.  He also cites Adams v. State, 28 Fla. 511, 10 South. 106, which was a capital case, in which class of cases many of the courts hold to a stricter rule in regard to the presence of the defendant at every stage of the proceedings.  That a trial may proceed in the absence of

the defendant where he voluntarily absents himself, after having been admitted to bail, see 12 Cyc. 527, and cases cited in note 41. See, also, 16 C. J. 817, where all of the cases on the subject seem to be collected in note 73; also 1 Bishop, New Cr. Proc. §§ 266-277. The doctrine is founded upon the principle of waiver; that is, that if the defendant has been released upon bail and chooses to absent himself during the trial it is a waiver of his right to be present, and the trial may, accordingly, proceed in his absence.

We find no error in the record and the judgment should be affirmed, and it is so ordered.

ROBERTS and RAYNOLDS, J.J., concur.