[Crim. No. 1296.   First Appellate District, Division One.—January 19, 1927.]

THE PEOPLE, Respondent, v. HARRY ALLAN, Appellant.

[1] CRIMINAL LAW—PLEADING—EVIDENCE—MATERIAL VARIANCE.—The requirement that the instrument offered in evidence must conform to that laid in the information has reference to its identity and the manner in which it is described, and the presence or absence of unimportant words which do not affect the sense of the instrument or change its identity in any material respect will not constitute a material variance.

[2] ID.—MATERIAL VARIANCE—JUDGMENT—APPEAL.—Where the instrument set out in the information charging a violation of section 476 of the Penal Code and the check admitted in evidence to support

<hr style="width:30%" />

1.  See 14 Cal. Jur. 103.

said charge are the same in certain respects, but differences relating to the parties and provisions forming material parts of the contracts appear, which affect the sense and change the identity of the instrument alleged to an extent constituting a material variance, and no other evidence sufficient to support the charge as laid in the information is adduced, the judgment of conviction must be reversed on appeal.

[3] ID.—VARIANCE—REVERSAL—ONCE IN JEOPARDY.—The fact that the judgment of conviction in such prosecution for a violation of section 476 of the Penal Code must be reversed because of material variance between the information and the proofs will not bar the prosecution of defendant for the offense shown by the proofs.

---

(1) 26 C. J., p. 950, n. 13.   (2) 26 C. J., p. 949, n. 1, 5.   (3) 16 C. J., p. 243, n. 2.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Michael J. Roche, Judge. Reversed.

The facts are stated in the opinion of the court.

Raine Ewell for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

CASHIN, J.—Defendant was charged by an information with the violation of section 476 of the Penal Code. He appeals from the judgment entered on the verdict of guilty and from an order denying a new trial.

The information alleged that on July 21, 1925, the defendant made a fictitious check for the payment of money, purporting to be signed by Robert Dean when in fact there was no such person; that knowing the check to be fictitious and with intent to defraud Livingston Brothers, Inc., a corporation, he uttered and passed the check to the corporation as true and genuine.

The check alleged to be fictitious is set out in the information in the words and figures following:

---

3.   See 7 Cal. Jur. 947.

"100          American Bankers Association          100
                Travelers Cheque No. A 1846905
            Bankers Trust Company New York City
    Robert Dean                    July 21, 1925   19—
    Pay to the order of Livingston Bros. Inc. $100.00 or its
equivalent as below.
        Countersignature
ROBERT DEAN by R. H. GILES,
    Treasurer
By A. R. TITUS,
    Cashier.

                        FARMERS AND MERCHANTS BANK OF
                        COMPTIN, Lynwood Branch, Comp-
                        tin, Cal."

    At the trial the prosecution offered in support of the
charge a travelers' check of which the following is a copy:

"100          American Bankers Association          100
                Travelers' cheque.
            Bankers Trust Company,
                    New York City          No. A 1846905
    When countersigned below with this signature at any time
within two years from date, to wit:
    Robt. Dean                    July 21, 1925
    Pay to the order of Livingston Bros. $100.00, or its equiva-
lent as below.
                FARMERS AND MERCHANTS BANK OF COMPTON,
                Lynwood Branch, Compton, Cal.
                        By A. R. TITUS,
                                Cashier.

Countersigned (in the pres-
ence of person cashing)
    ROBT. DEAN
We hereby accept and certify the
foregoing order and will pay the
same, when properly negotiated,
through any of our correspondents
named on the back hereof.
    BANKERS TRUST COMPANY,
    By R. H. GILES, Treasurer."

The check was admitted in evidence over the objection of defendant, who contends, as grounds for reversal, that the variance between the check described in the information and the proof offered as above was material; that the court erred in overruling the objection to its admission and that the evidence was insufficient to support the verdict.

It appears that the words and figures contained in the check last mentioned, including the acceptance by the trust company, were printed with the exception of the date, the name of the payee, the name of the purchaser, whose signature for purposes of identification is placed thereon and whose countersignature is required in order that the instrument may be negotiated or paid, and that of the officer of the bank issuing the same, which were written.

As was said in *People* v. *Terrill,* 132 Cal. 497 [64 Pac. 894], "In determining whether a variance is material the question to be decided is, does the instrument so far correctly and fully inform the defendant of the criminal act of which he is charged that, taking into consideration the proof which is introduced against him, he is not misled in making his defense, or placed in danger of being twice put in jeopardy for the same offense?"

[1]   The requirement that the instrument offered in evidence must conform to that laid in the information has reference to its identity and the manner in which it is described, and the presence or absence of unimportant words which do not affect the sense of the instrument or change its identity in any material respect will not constitute a material variance (*People* v. *Crane,* 4 Cal. App. 142 [87 Pac. 239]).

[2]   While the instruments in certain respects are the same, differences relating to the parties and provisions forming material parts of the contracts, appear, which affect the sense and change the identity of the instrument alleged to an extent which under the rule stated constitutes a material variance; and, no other evidence sufficient to support the charge as laid in the information having been adduced, it will be necessary to reverse the judgment.   [3]   But it does not follow therefrom, as contended by appellant, that the proceedings had will bar his prosecution for the offense shown by the proofs.   As was said in *People* v. *McNealy,* 17

Cal. 332, "It would be a contradiction in terms to say that a person was put in jeopardy by an indictment under which he could not be convicted; and it is obviously immaterial whether the inability to convict arose from variance between the proof and the indictment or from some defect in the indictment itself."

The judgment and order are reversed.

Tyler, P. J., and Campbell, J., *pro tem.*, concurred.