**274 P.2d 630**

**OWENS   v.   ABRAM.**

**No. 5767.**

Supreme Court of New Mexico.

Sept. 28, 1954.

John S. Catron, Santa Fe, for petitioner.

Richard H. Robinson, Atty. Gen., Fred M. Standley, Walter R. Kegel, Asst. Attys. Gen., for respondent.

## PER CURIAM.

Upon motion for rehearing the original opinion is withdrawn and the following substituted therefor.

## COMPTON, Justice.

This is an original habeas corpus proceeding. The writ was first applied for and a hearing was had upon the question here presented before the Honorable David W. Carmody, Judge of Division 1 of the First Judicial District, and relief being denied, petitioner filed this original proceeding and we granted a temporary writ directing the respondent to have petitioner brought before us.

The essential facts are stipulated. On October 13, 1953, petitioner was charged by information with having passed a forged *bill of exchange* with intent to defraud in violation of § 41–2008, 1941 Comp. Waiving a jury, he was tried before the Honorable Robert E. Fox, Judge of Division 2 of the First Judicial District. At the hearing it developed that the forged instrument was not a document evidencing an indebtedness of a banking institution, whereupon the petitioner moved for a dismissal of the case on the ground of variance between the allegation and the proof. The motion was sustained and the case dismissed. Petitioner was subsequently charged with passing the same forged *bill of exchange* with intent to defraud in violation of § 41–2002, 1941 Comp. To the latter charge, petitioner filed a plea of former acquittal and entered a plea of not guilty. The plea of double jeopardy was denied and following trial, he was found guilty and sentenced to serve a term in the state penitentiary, where he is now confined by respondent.

The pertinent statutes provide:

"Every person who shall * * * forge * * * any * * * evidence of debt, issued by any corporation or company duly authorized for that purpose, by the laws of the United States, or of this state, or of any territory of the United States, or of any other state, government or country, with the intent to injure or defraud, shall be punished * * *." § 41–2007, 1941 Comp.

"Every person who shall utter or pass, * * * any * * * forged * * * bill of credit for any debt of this state, or bank bill, promissory note, draft or other evidence of debt, issued or purporting to have been issued as is mentioned in section 1593 (§ 41–2007), knowing the same to be * * * forged * * * with intent to injure or defraud, shall be punished * * *." § 41–2008, 1941 Comp.

"Every person who shall falsely make, * * * any * * * bill of exchange, * * * with intent to in-

jure or defraud any person, shall be punished * * *." § 41–2001, 1941 Comp.

"Every person who shall utter and publish as true, any false, forged, or altered record, deed or other writing mentioned in the next preceding section, knowing the same to be false, forged or altered, with intent to injure or defraud as aforesaid, shall be punished * * *." § 41–2002, 1941 Comp.

In determining whether the offenses charged are the same, the test is whether the facts offered in support of one, would sustain a conviction of the other. If either information requires the proof of facts to support a conviction which the other does not, the offenses are not the same and a plea of double jeopardy is unavailing. It is clear that the first information required proof of certain facts not required by the latter. To sustain a conviction of the former charge, an essential fact was whether the forged instrument is a document evidencing an indebtedness of a banking institution. But under the latter charge, proof of such fact was not essential to a conviction. True, the proof offered in support of the first information would sustain a conviction of the latter charge but the converse is not true; the evidence offered in support of the latter would not sustain a conviction of the former charge.

The issue of double jeopardy was before us in In re Santillanes, 47 N.M. 140, 138 P.2d 503, 511, and we there held:

"With respect to double jeopardy, it is essential, under common law and various constitutional provisions declaratory thereof, that the second prosecution be for the same act and crime both in law and fact for which the first prosecution was instituted; * * *."

Also see State v. Jacoby, 25 N.M. 224, 180 P. 462; Bartlett v. U. S., 10 Cir., 166 F.2d 928.

Moreover, petitioner waived his right to plead former jeopardy. It was upon his own motion that the first information was dismissed. State v. Diaz, 36 N.M. 284, 13 P.2d 883; State v. Woo Dak San, 35 N.M. 105, 290 P. 322; Territory v. Donahue, 16 N.M. 17, 113 P. 601; 14 Ann.Cas. 428; 135 Am.St.Rep. 72.

The writ should be discharged, and It Is So Ordered.

McGHEE, C. J., and SADLER, LUJAN and SEYMOUR, JJ., concur.