**Carl E. OWENS, Appellant,**

v.

**Edwin SWOPE, Warden of the New Mexico State Penitentiary, Appellee.**

**No. 5191.**

United States Court of Appeals
Tenth Circuit.

Nov. 7, 1955.

Douglas G. McKinnon, Denver, Colo., for appellant.

Fred M. Standley and Jack A. Smith, Asst. Attys. Gen. of New Mexico (Richard H. Robinson, Atty. Gen. of New Mexico, was with them on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

PHILLIPS, Chief Judge.

This is an appeal from an order discharging a writ of habeas corpus. On August 11, 1953, an information was filed in the District Court in and for Santa Fe County, New Mexico, charging Owens with a violation of § 41–2008, New Mexico Statutes Annotated, 1941.

Section 41–2007 of New Mexico Statutes Annotated, 1941, provides:

"Every person who shall make, alter, forge or counterfeit any bank bill, promissory note, draft, or other evidence of debt, issued by any corporation or company duly authorized for that purpose, by the laws of the United States, or of this state, or of any territory of the United States, or of any other state, government or country, with the intent to injure or defraud, shall be punished by imprisonment in the state penitentiary, not more than five (5) years, nor less than one (1) year."

Section 41–2008 of New Mexico Statutes Annotated, 1941, provides:

"Every person who shall utter or pass, or tender in payment as true, any false, altered, forged or counterfeit note, certificate or bill of credit for any debt of this state, or bank bill, promissory note, draft or other evidence of debt, issued or purporting to have been issued as is mentioned in section 1593 (§ 41–2007), knowing the same to be false, altered, forged or counterfeit, with intent to injure or defraud, shall be punished by imprisonment in the state penitentiary, not more than five years, nor less than one year."

Trial by jury was waived and the cause came on for trial before the state court judge. At the conclusion of the State's case in chief, Owens, through his attorney, moved the court to dismiss the information on the ground that there was a variance between the allegation and proof, in that the alleged forged bill of exchange charged to have been passed by Owens had not been issued by a corporation or company "duly authorized for that purpose." The state district court sustained the motion and dismissed the information.

Thereafter, on October 13, 1953, a new information was filed in the District Court in and for Santa Fe County, New Mexico, charging Owens with the offense of passing a forged bill of exchange with intent to defraud Mrs. J. P. Beecroft, contrary to the provisions of § 41–2002 of New Mexico Statutes Annotated, 1941.

Section 41–2002 provides:

"Every person who shall utter and publish as true, any false, forged, or altered record, deed or other writing mentioned in the next preceding section, knowing the same to be false, forged or altered, with intent to injure or defraud as aforesaid, shall be punished by imprisonment in the state penitentiary not more than five (5) years nor less than one (1) year."

Trial by jury was waived on the second information and the case came on for trial before the state district judge. Owens interposed a plea of former jeop-

ardy, based on the proceedings on the trial of the first information. The court overruled the plea and at the conclusion of the trial found Owens guilty and sentenced him to the New Mexico State Penitentiary for a term of not less than three nor more than four years.

Thereafter, and after time for appeal had expired on the conviction on the second information, Owens filed a petition for a writ of habeas corpus in the District Court in and for Santa Fe County, New Mexico, and set up as ground therefor that he had been twice placed in jeopardy for the same offense, contrary to the provision of the Constitution of the State of New Mexico and the Constitution of the United States, and that the sentence on the second information was void. After a hearing, an order was entered discharging the writ of habeas corpus. Thereafter, Owens filed a petition for an original writ of habeas corpus in the supreme court of New Mexico, predicated on his claim that he had twice been put in jeopardy for the same offense. The supreme court discharged the writ and remanded Owens to the custody of the warden of the New Mexico State Penitentiary. See Owens v. Abram, 58 N.M. 682, 274 P.2d 630, 631, 632.

After stating the facts, the supreme court of New Mexico in its opinion stated:

"In determining whether the offenses charged are the same, the test is whether the facts offered in support of one, would sustain a conviction of the other. If either information requires the proof of facts to support a conviction which the other does not, the offenses are not the same and a plea of double jeopardy is unavailing. It is clear that the first information required

proof of certain facts not required by the latter. To sustain a conviction of the former charge, an essential fact was whether the forged instrument is a document evidencing an indebtedness of a banking institution. But under the latter charge, proof of such fact was not essential to a conviction. True, the proof offered in support of the first information would sustain a conviction of the latter charge but the converse is not true; the evidence offered in support of the latter would not sustain a conviction of the former charge.

"The issue of double jeopardy was before us in In re Santillanes, 47 N.M. 140, 138 P.2d 503, 511, and we there held:

"'With respect to double jeopardy, it is essential, under common law and various constitutional provisions declaratory thereof, that the second prosecution be for the same act and crime both in law and fact for which the first prosecution was instituted; * * *.' * * *

"Moreover, petitioner waived his right to plead former jeopardy. It was upon his own motion that the first information was dismissed."

Owens filed a petition for a writ of certiorari in the Supreme Court of the United States, which was denied. 348 U.S. 917, 75 S.Ct. 300.

Owens then filed an application for a writ of habeas corpus in the United States District Court for New Mexico. After a full hearing, the writ was discharged.

We fully agree with the views expressed by the Supreme Court of New Mexico and that decision is dispositive of this case.