415 P.2d 563

STATE of New Mexico, Plaintiff-Appellee,

v.

Benjamin BLACKWELL, Defendant-Appellant.

No. 7560.

Supreme Court of New Mexico.

May 9, 1966.

Rehearing Denied June 30, 1966.

**446**

---

Anthony J. Albert, Santa Fe, for appellant.

Boston E. Witt, Atty. Gen., James V. Noble, Asst. Atty. Gen., Santa Fe, for appellee.

MOISE, Justice.

Appellant was convicted of assault with intent to commit rape and of rape, and was sentenced to consecutive terms in the penitentiary of not less than forty-five nor more than fifty years, and not less than eighty nor more than ninety-nine years.

On this appeal he raises three points. First, he complains that he was denied a fundamental right guaranteed him by the Constitution of the United States and by the Constitution of New Mexico in that he was not provided counsel nor was he advised of his right to have counsel appointed for him at the time of his preliminary hearing. Second, he asserts that the court erred in admitting into evidence certain clothing picked up by the police in appellant's room at the time of his arrest. Third, he complains that the sentence imposed is contrary to law.

The record discloses that on March 2, 1961, appellant was taken before a justice of the peace and given a preliminary hearing. At that time he was not represented by counsel and, although he was advised of his right to counsel, was not informed that counsel would be provided for him if he desired and if he was indigent. On the following day, March 3, 1961, an information was filed against appellant; counsel was appointed, and appellant was arraigned and a plea of not guilty entered for him, it being stated by the court that appellant did not thereby waive any rights which he might have and which he had not been accorded. Thereafter, appellant was tried on June 19 and 20, 1961, and found guilty by a jury. No complaint was made that counsel had not been provided at the preliminary hearing, or that appellant had not been advised of his right to counsel.

In our view, appellant's first point is answered completely by our decisions in State v. Vaughn, 74 N.M. 365, 393 P.2d 711, and Sanders v. Cox, 74 N.M. 524, 395 P.2d 353. In those cases, it was held that the entry of a plea in the district court after intelligent waiver of counsel, or when represented by competent counsel, served as a waiver of any defects in the preliminary hearing, including failure to advise of right or to provide counsel. See also, Gantar v. Cox, 74 N.M. 526, 395 P.2d 354; French

v. Cox, 74 N.M. 593, 396 P.2d 423; Sneed v. Cox, 74 N.M. 659, 397 P.2d 308; Silva v. Cox (C.A. 10, 1965) 351 F.2d 61; Gantar v. Cox (C.A. 10, 1965) 351 F.2d 65. We fail to see how appellant is in any position to complain of deprivation of constitutional rights when he has been provided with competent counsel in the district court before arraignment; has been allowed to preserve his right to object to any prior denial of rights, and has then gone to trial without raising the issue of prior failure to provide counsel or advise of rights to counsel. By so proceeding, he has as effectively waived his right to object to prior defects in the proceedings as had the parties in State v. Vaughn, supra, and Sanders v. Cox, supra.

█ Appellant bases his second point on the facts surrounding his arrest. The record discloses that the arresting officer went to a certain address on South Broadway, Albuquerque, to investigate a Buick automobile which had its interior covered with blood. This was done pursuant to a call from the owner of the car. The officer looked over the car and then started to look around for the driver. Upon knocking on the door to an apartment at the rear of the lot where the car was parked the door opened and a voice said either "Come in" or "Yeah." It was dark inside, but the officer went in, and when his eyes became accustomed to the darkness he saw a man in bed and blood-covered clothes on him and in the room. The officer testified that when he knocked on the door and entered at the invitation of the occupant, he did so only for the purpose of talking to whomever was present concerning the blood in the car. However, at that time he had been advised of the assault on the complaining witness in this case and when he saw the appellant and the bloody clothes, both on him and in the room, appellant was placed under arrest and the clothes were gathered up and taken to the police station along with appellant.

Based on these facts, appellant argues that there was an illegal search and seizure under the doctrine of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, and, accordingly, the clothing taken from appellant's room was not admissible in the trial of the charges against him. We do not agree that there was any unlawful search. Although the facts differ therefrom, the discussion and authorities cited in our recent decision in State v. Garcia, 413 P.2d 210, decided April 11, 1966, are pertinent here. Also compare People v. Nebbitt, 183 Cal.App.2d 452, 7 Cal.Rptr. 8. The officer, having been invited into appellant's room as above set forth, was in a place where he had a right to be. The bloody clothes, being in plain sight, were not obtained as the result of a search. The following language, quoted from People v. West, 144 Cal.App. 2d 214, 300 P.2d 729, is instructive:

"* * * [T]he term [search] implies some exploratory investigation or an in-

vasion and quest, a looking for or seeking out. The quest may be secret, intrusive or accomplished by force, and it has been held that a search implies some sort of force, either actual or constructive, much or little. A search implies a prying into hidden places for that which is concealed and that the object searched for has been hidden or intentionally put out of the way. While it has been said that ordinarily searching is a function of sight, it is generally held that the mere looking at that which is open to view is not a 'search'. A seizure contemplates a forcible dispossession of the owner and it is not a voluntary surrender."

See also, Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726; Brown v. State (Alaska, 1962) 372 P.2d 785; 49 Calif.L.Rev. 474; State v. Morris, 243 S.C. 225, 133 S.E.2d 744; Irvin v. State, (Fla., 1953) 66 So.2d 288, cert. denied, 346 U.S. 927, 74 S.Ct. 316, 98 L.Ed. 419, rehearing denied 347 U.S. 914, 74 S.Ct. 479, 98 L.Ed. 1070.

■ As his last point, appellant complains that the sentences imposed were improper. The attorney general concedes that this is true. Section 41–17–1, N.M.S.A. 1953, applicable to this case, required the court to impose a sentence "for the term as prescribed by law for the particular crime * * *" and the term of imprisonment "shall not exceed the maximum nor be less than the minimum fixed by law." The penalty for rape was fixed by § 40–39–1, N.M.S.A.1953, at not less than one nor more than ninety-nine years. We note that appellant was sentenced for both rape and assault with intent to commit rape. Both charges arose out of the same transaction, were committed at the same time as part of a continuous act, and were inspired by the same criminal intent which was an essential element of each offense. Accordingly, they were susceptible of only one punishment. State v. Quintana, 69 N.M. 51, 364 P.2d 120; State v. Montano, 69 N.M. 332, 367 P.2d 95. Compare, Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370.

The sentence imposed departed from the limits provided by § 40–39–1, supra, and did not conform to the requirements of § 41–17–1, N.M.S.A.1953. See State v. Romero, 73 N.M. 109, 385 P.2d 967. The cause is reversed and remanded with directions to impose sentence consistent with the views herein expressed.

It is so ordered.

NOBLE and COMPTON, JJ., concur.