427 P.2d 260

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Melisandro Jose MARTINEZ, Defendant-Appellant.**

**No. 8296.**

Supreme Court of New Mexico.

May 8, 1967.

Frank Bachicha, Jr., Santa Fe, for appellant.

Boston E. Witt, Atty. Gen., Joel M. Carson, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

NOBLE, Justice.

At defendant's request, informations charging him with (1) grand larceny, (2) unlawfully breaking and entering, and (3) assault with a deadly weapon were consolidated for trial. A jury returned a verdict of guilty of all three crimes. Martinez was sentenced to serve not less than one nor more than ten years upon the conviction of grand larceny and not less than three years upon the conviction of assault with a deadly weapon, the sentences to run consecutively. No sentence was imposed for the conviction of the charge of breaking and entering. Thereafter, relief was denied upon a motion

brought pursuant to Rule 93 attacking the judgment and sentence. This appeal followed.

Defendant contends that because the two offenses for which he was sentenced occurred at the same time they were part of a continuous criminal act, and merged in the greater offense of grand larceny, so that only a single sentence should have been imposed. We do not agree.

The test of whether one criminal offense has merged in another is not, as defendant contends, whether the two criminal acts are successive steps in the same transaction but whether one offense necessarily involves the other. State v. Quintana, 69 N.M. 51, 364 P.2d 120. In Quintana we said that larceny was necessary to, or incidental to the crime of armed robbery, was not a separate and distinct offense from that of armed robbery, and thus merged with the graver offense of armed robbery so as to prevent a double punishment by a sentence for each crime. However, in Quintana, we quoted with approval from Commonwealth ex rel. Moszczynski v. Ashe, 343 Pa. 102, 21 A.2d 920, 921, as follows:

"If a defendant commits a burglary and while in the burglarized dwelling he commits the crimes of rape or kidnapping, his crimes do not merge, for neither of them is necessarily involved in the other. When one of two criminal acts committed successively is not a necessary ingredient of the other, there may be a conviction and sentence for both. * * *"

Applying that rule, we hold assault with a deadly weapon, even though committed in connection with a larceny is a separate criminal act, as distinguished from a necessary ingredient of the crime of larceny, and, accordingly, there may be a conviction and punishment for both. See Hensley v. United States, 156 F.2d 675 (8th Cir. 1946); Cf., Ex parte Chapman, 43 Cal. 2d 385, 273 P.2d 817; State v. La Porte, 58 Wash.2d 816, 365 P.2d 24.

Appointed counsel properly sets forth four points requested by the petitioner even though they were not included in the motion for Rule 93 relief, nor presented to the lower court. A motion pursuant to Rule 93 is a civil proceeding and is governed by the rules of civil procedure. State v. Weddle, 77 N.M. 420, 423 P.2d 611. Questions not presented in the court below may not be raised for the first time on appeal. Supreme Court Rule 20(1) (§ 21–2–1(20) (1), N.M.S.A.1953); Shelley v. Norris, 73 N.M. 148, 386 P.2d 243; Metzger v. Ellis, 65 N.M. 347, 337 P.2d 609; Terry v. Biswell, 66 N.M. 201, 345 P.2d 217.

Finding no error, the order appealed from should be affirmed.

It is so ordered.

CARMODY, J., and HENSLEY, Jr., C. J., Court of Appeals, concur.