495 P.2d 1388

STATE of New Mexico, Plaintiff-Appellee,

v.

Albert G. ANAYA, Defendant-Appellant.

No. 822.

Court of Appeals of New Mexico.

March 31, 1972.

Malcolm G. Colberg of Butler & Colberg, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Winston Roberts-Hohl, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Defendant filed a Motion for post-conviction relief (§ 21–1–1(93), N.M.S.A.1953 (Repl.Vol.1970)) on the grounds that he was "twice placed in jeopardy" since the crimes (theft from an auto and the Municipal Court charges) "all arose out of the same incident." The trial court denied relief without a hearing and defendant appeals.

We affirm.

Defendant was convicted on two counts of theft from an auto. The convictions were affirmed in State v. Anaya, 82 N.M. 531, 484 P.2d 373 (Ct.App.1971). When the officers arrested defendant for the thefts, he resisted arrest, struck an officer and damaged the police radio in the police car which was being used to take him to the police station. Subsequently, but prior to the theft convictions, defendant was charged, tried and convicted in the Albuquerque Municipal Court of battery, resisting arrest and criminal damage. He received a one year probation.

The constitutional principle that no one shall be put in jeopardy twice for the same offense is broad enough to mean that no one can lawfully be punished twice for the same offense. State v. Baros, 78 N.M. 623, 435 P.2d 1005 (1968); State v. Quintana, 69 N.M. 51, 364 P.2d 120 (1961). If the several offenses are the same as where they arise out of the same transaction and were committed at the same time, and were part of a continuous act, and inspired by the same criminal intent, which is an essential element of each offense, they are susceptible of only one punishment. State v. Quintana, supra.

Factually, defendant's municipal court crime did not "arise out of the same transaction" as the subsequent district court crime of theft from an auto. See Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L. Ed.2d 435 (1970), and the concurring opinion of Mr. Justice Brennan in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).

The order denying defendant's motion for post-conviction relief without a hearing is affirmed. Section 21–1–1(93) (b), N.M.S.A. 1953 (Repl.Vol.1970).

Affirmed.

It is so ordered.

SUTIN and COWAN, JJ.