500 P.2d 422

Kenneth P. CAMPION, Petitioner-Appellant,

v.

STATE of New Mexico, Respondent-Appellee.

No. 866.

Court of Appeals of New Mexico.

Aug. 4, 1972.

Thomas A. Sandenaw, Jr., Charles W. Durrett, John E. Conway, Shipley, Durrett, Conway & Sandenaw, Alamogordo, for petitioner-appellant.

David L. Norvell, Atty. Gen., Winston Roberts-Hohl, Asst. Atty. Gen., Santa Fe, for respondent-appellee.

OPINION

HENDLEY, Judge.

Defendant's motion for post-conviction relief of his sentence for violating § 54–5–18, N.M.S.A.1953 (Repl.Vol.1962, Supp. 1969), unlawful possession of LSD, Repealed by Laws 1971, ch. 245, § 13, pursuant to § 21–1–1(93), N.M.S.A.1953 (Repl.Vol.1970), was denied without a hearing. Defendant claims: (1) his two consecutive sentences arose from one act of possession; (2) the excessiveness of the sentences denied him equal protection of the law since there were two separate penalty provisions for possession of LSD, one a felony, the other a misdemeanor, and subsequent legislation reclassified possession of LSD from a felony to a misdemeanor; (3) the unequal enforcement of the law since defendant was the only one

out of thirty-eight persons arrested in the drug raid who was tried.

*Whether the evidence shows one or two separate acts of possession.*

" * * * [I]f the several offenses are the same, as where they arise out of the same transaction, and were committed at the same time, and were part of a continuous criminal act, and inspired by the same criminal intent * * * they are susceptible of only one punishment. * * *" State v. Quintana, 69 N.M. 51, 364 P.2d 120 (1961). See State v. Ranne, 80 N.M. 188, 453 P.2d 209 (Ct.App.1969) ; State v. Martinez, 77 N.M. 745, 427 P.2d 260 (1967).

After the defendant pleaded guilty to the charges the following colloquy occurred between the court and the defendant:

"THE COURT: Mr. Campion, I want you to tell me, we'll start first on March 31st of 1970, this charge you pled guilty to of Unlawful Possession of LSD on March 31st, 1970, as to what the circumstances of this were, briefly, of the facts?

"MR. CAMPION: One of the agents come up to me and asked me—developed a friendship with me over a period of time, if I would turn him on to some acid, some LSD, and I told him yes, *but it would cost me $4 a tab to get ahold of it,* that's what I would have to charge them. And so I sold them two tabs of acid. [Emphasis ours]

"THE COURT: So you obtained some tablets?

"MR. CAMPION: Yes, sir.

"THE COURT: And thereafter sold them or what?

"MR. CAMPION: Well, I give them to them for the same amount that I paid for them.

"THE COURT: What occurred on April the 3rd, 1970?

"MR. CAMPION: *Similar transaction,* except that I had one that I give them free. [Emphasis ours]

" * * *
" * * *

"THE COURT: There's no question in your mind then that you did have LSD, possession of LSD, on these two dates?

"MR. CAMPION: Yes, sir."

■ The reasonable reading of the foregoing testimony is that on March 31st, 1970 he accepted payment and then obtained LSD for the agent. A "similar transaction" occurred on April 3, 1970. Thus the evidence does not support the theory that there was one possession of LSD, part of which was sold on one date, another part sold at a later date. The only conclusion supported by the record is that there were separate acts of possession by defendant prior to the two sales to the agents.

*Provisions under the poison act, and drug and cosmetics act prescribing different punishments for the same act denied equal protection.*

■ Defendant alleges he was denied equal protection because there existed two separate penalty provisions for possession of LSD, one constituting a felony, the other constituting a misdemeanor, thus giving the opportunity to enforce the laws without uniformity.

■ We fail to see any equal protection problem here. Of the statutory provisions in effect at the time of the offenses the Drug and Cosmetic Act included "hallucinogenic drugs" but did not specifically define LSD as such. Section 54–5–18, supra, under which defendant was charged, specifically proscribed the possession of LSD. Where there are two laws covering the same act, one being general and the other being specific it is not a denial of equal protection to prosecute defendant under the special statute. State v. Riley, 82 N.M. 235, 478 P.2d 562 (Ct.App.1970).

■ By Laws 1971, ch. 245, § 54–5–18, supra, was repealed and LSD was spe-

cifically included in the Drug and Cosmetic Act at § 54–6–27(F) (3), N.M.S.A.1953 (Repl.Vol. 8, pt. 2, Supp.1971). This change, subsequent to the date of the offenses (1970), did not bar or abate prosecution of defendant for his offenses. State v. McAdams, 83 N.M. 544, 494 P.2d 622 (Ct.App.1972). Defendant claims this change shows a legislative intent to place LSD under the Drug and Cosmetic Act, as it existed prior to the 1971 changes, and thus the general act was applicable and the specific provisions of § 54–5–18, supra, were inapplicable. We disagree. Even if LSD was under the Drug and Cosmetic Act, as it existed in 1970, the specific provisions of § 54–5–18, supra, applied. State v. Blevins, 40 N.M. 367, 60 P.2d 208 (1936).

*Unequal enforcement of a law against a particular defendant.*

■ Defendant contends that ". . . thirty eight persons were arrested at the same time, and involved in the same action" but that he was the sole defendant from the drug raids conducted in April 1970 in Otero County. Therefore, he should have been given an evidentiary hearing to determine what factual occurrences outside the record were involved in the arrest of the thirty-eight persons at that time. The hearing would be of no assistance to defendant.

"Lack of uniformity in enforcement of the law does not excuse a particular defendant's violation of the law and does not deprive a particular defendant of equal protection of the law. Thus * * * defendant was not denied equal protection of the law because he received [a] * * * sentence * * * while others, similarly situated, did not. * * *"

State v. Lujan, 79 N.M. 525, 445 P.2d 749 (Ct.App.1968).

Affirmed.

It is so ordered.

WOOD, C. J., and HERNANDEZ, J., concur.