507 P.2d 787

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Jimmy GONZALES, Defendant-Appellant.**

**No. 1026.**

Court of Appeals of New Mexico.

Feb. 23, 1973.

Frederick J. McCarthy, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Jane E. Pendleton, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Defendant's motion for post-conviction relief pursuant to Rule 93, (§ 21–1–1(93), N.M.S.A.1953 (Repl.Vol.1970)) was denied after hearing and defendant appeals.

Defendant's motion stated in part a claim of double jeopardy. It states as follows:

"(1) On February 7, 1968 petitioner was charged with possession of stolen property and was fined $25.00 dollars which he paid.

"(2) On February 21, 1968 petitioner was bound over to District Court for the same stolen car which he had done paid a $25.00 dollar fine for possessing.

"(3) On September 24, 1968 petitioner was sentenced to the penitentiary on this same auto. Therefore making the whole proceedings double [j]eopardy against the petitioner."

Subsequently a hearing was held on the motion; defendant was the sole witness.

Defendant testified that he was charged and convicted of stealing a 1962 Dodge Dart belonging to Dennis J. Reynolds in the Belen Municipal Court and paid a fine for "possessing stolen property." Subsequently, defendant was proceeded against in the district court on the same charge for the same owned automobile and pled guilty to the charge. Defendant also testified that his municipal court conviction was "for being a party to a crime."

Neither the municipal court conviction nor the district court conviction were made a part of the record. The only evidence is the ambiguous testimony of the defendant.

The state responds—"First, he did not allege facts specific enought to entitle him to post-conviction relief. Second, he should have raised the matter by appeal rather than by Rule 93 action." The state also asserts there was no double jeopardy, but in doing so it fails to discuss two decisions pertinent to the double jeopardy claim which are cited by defendant. They are Waller v. Florida, 397 U.S. 387, 90 S. Ct. 1184, 25 L.Ed.2d 435 (1970) and Woods v. State, 84 N.M. 248, 501 P.2d 692 (Ct. App.1972).

From the state of the record we cannot tell whether there were two separate convictions for the same offense. It is apparent from the record that certain documents were being examined by the court and counsel which related to the convictions. Those documents were never made a part of the record.

In the interest of judicial economy we remand the matter to the trial court for an identification of the "files and records" examined (see Rule 93(b)), for inclusion in the record of pertinent portions of the files and records and for such additional testimony as the trial court may deem necessary. The trial court found there was "no legal basis" for the double jeopardy claim. The record before us is unsufficient to rule on the correctness of this finding. See Robinson v. Neil, —— U.S. ——, 93 S. Ct. 876, 35 L.Ed.2d 29, decided January 16, 1973.

In determining the legal basis of the double jeopardy claim, the trial court should be guided by Waller v. Florida, supra; Robinson v. Neil, supra; and Woods v. State, supra.

The dismissal of defendant's motion is vacated and the cause remanded for proceedings not inconsistent herewith.

It is so ordered.

WOOD, C. J., concurs.

SUTIN, Judge (dissenting).

I dissent.

The record shows the decree entered in this case was filed June 30, 1972. The notice of appeal was filed June 22, 1972. It was premature and untimely. The timely filing of a notice of appeal is jurisdictional. Parties cannot, by stipulation, confer jurisdiction on the Court of Appeals. Therefore, the appeal should be dismissed. Public Service Company of New Mexico v. Wolf, 78 N.M. 221, 430 P.2d 379 (1967). The same rule applies where the appeal was filed after the time allowed. State v. Sedillo, 81 N.M. 622, 471 P.2d 192 (Ct. App. 1970).

The notice of appeal states it is an appeal from a decree issued by the court on

May 17, 1972. This appears to be the date of the hearing. There may have been an oral denial of the motion on that date. An appeal from an oral order is a nullity. Bouldin v. Bruce M. Bernard, Inc., 78 N. M. 188, 429 P.2d 647 (1967).

Defendant's brief said:

His motion was denied (orally). From that denial this appeal is taken.

\*   \*   \*   \*   \*   \*

Notice of Appeal and Praecipe were filed on June 22, 1972; Judgment was filed on June 30, 1972.

Being a Rule 93 appeal, defendant has the right to take as many appeals as his heart desires. State v. Sedillo, supra. The trial court is not required to entertain the second or succeeding motions under Rule 93(c), but if the trial court does, then this court will accept the appeal and decide the case on the merits. State v. Archie, 78 N. M. 443, 432 P.2d 408 (1967).

Two important points must be remembered. (1) This court will accept untimely appeals even though we do not have jurisdiction and (2) the trial court is under no duty to appoint competent counsel to represent indigent defendants.

### (1) Untimely Appeal.

Rule 93(e) provides that an appeal may be taken in the manner and within the time provided in Supreme Court Rule 5. Supreme Court Rule 5(1) provides that an aggrieved party may appeal within thirty (30) days from the entry of a final judgment *"except that upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment,* the district court may extend the time for appeal not exceeding thirty (30) days from the expiration of the original time herein prescribed."

Untimely appeals have been dismissed uniformly over the years. Attorneys, competent or incompetent, should present this case where an untimely appeal is taken. The majority have thrown the matter of jurisdiction out of the Court of Appeals' window.

However, under the "excusable neglect" portion of Rule 5(1), this court has the right to remand the case to the district court to determine whether there was excusable neglect. If there is a finding of excusable neglect, the appeal should proceed. Otherwise, it will be dismissed. In the meantime, dismissal can be suspended. Evans v. Jones, 366 F.2d 772 (4th Cir. 1966); Reed v. People of State of Michigan, 398 F.2d 800 (6th Cir. 1968); United States v. Meyers, 406 F.2d 1015 (4th Cir. 1969); Contra, Guido v. Ball, 367 F.2d 882 (2nd Cir. 1966). See, Pasquale v. Finch, 418 F.2d 627 (1st Cir. 1969) where trial court's extension for excusable neglect was reversed and the appeal dismissed. 9 Moore's Federal Practice at 974–978 (1972 Ed.).

I would favor a remand to determine whether there was excusable neglect.

### (2) Competent Counsel.

A prisoner who moves the court to vacate, set aside or correct the sentence, shall have local counsel appointed if the prisoner is indigent. [Rule 93 and 93(b), § 41–22–3, N.M.S.A.1953 (2nd Repl.Vol. 6)]. No attorney assigned under the Indigent Defense Act shall be held liable in any civil action respecting his performance or nonperformance of such services. Section 41–22–10, supra. This section is an invitation to the court to appoint a tax attorney, or a part-time attorney, to represent indigent prisoners, or an attorney who has been admitted to practice after graduation from law school. The appointed attorney has a duty to serve his client to the best of the attorney's abilities. Hale v. Brewster, 81 N.M. 342, 467 P.2d 8 (1970). But the attorney appointed should be one with knowledge and experience in this field. See specially concurring opinion, State v. Silver, 83 N.M. 1, 487 P.2d 910 (Ct.App. 1971).

If we can determine from the record, as a matter of law, that the prisoner did not have effective assistance of appointed counsel, the prisoner is entitled to relief. State v. Samora, 82 N.M. 252, 479 P.2d 532

(Ct.App. 1970). The failure to make a timely appeal is ineffective assistance of counsel as a matter of law.

The defendant is entitled to a new hearing in the trial court if there was not excusable neglect. See, Roper v. Territory, 7 N.M. 255, 33 P. 1014 (1893); 24 C.J.S. Criminal Law § 1443 (1961).