513 P.2d 189

**STATE of New Mexico, Respondent-Appellee,**

v.

**Leroy WOODS, Petitioner-Appellant.**

**No. 1225.**

Court of Appeals of New Mexico.

July 25, 1973.

Fred Tharp, Jr., Clovis, for appellant.

David L. Norvell, Atty. Gen., Santa Fe, Lee Griffin, Asst. Atty. Gen., for appellee.

OPINION

WOOD, Chief Judge.

The question is whether Woods has suffered double jeopardy because of a municipal court conviction and a subsequent district court conviction.

Woods' district court conviction for aggravated assault was affirmed. State v. Woods, 82 N.M. 449, 483 P.2d 504 (Ct. App.1971). The denial of post-conviction relief, with the exception of the double jeopardy issue, was affirmed. Woods v. State, 84 N.M. 248, 501 P.2d 692 (Ct.App. 1972). The post-conviction proceeding was remanded to the district court for an evidentiary hearing. That evidentiary hearing has been held. The trial court denied relief on the double jeopardy issue; Woods appeals.

In Woods v. State, supra, the double jeopardy claim was that Woods had been convicted of "assault" in municipal court and aggravated assault in district court. We said: "* * * If the factual basis for the alleged conviction for assault in municipal court (if in fact there be one), and the factual basis for the aggravated assault conviction differ, then there would be no double jeopardy." [Citations omitted]. Further: "* * * the burden will be on him [Woods] to prove a factual basis showing double jeopardy." [Citation omitted].

Following the evidentiary hearing, the trial court found as a fact that Woods did not sustain his burden of proof. It found "* * * that the proceedings in the Municipal Court of Clovis, New Mexico, were based on events which transpired subsequent to and in a location different from those for which he was convicted in this

court of the offense of aggravated assault." The municipal court charges were "carrying a deadly weapon" and "drunkenness."

■ Woods does not challenge the findings of the trial court. Being unchallenged, the findings are facts before this Court. State v. Reid, 79 N.M. 213, 441 P. 2d 742 (1968).

■ On the basis of the unchallenged facts, there was no double jeopardy. State v. Gonzales, 84 N.M. 726, 507 P.2d 787 (Ct.App.1973); State v. Anaya, 83 N.M. 672, 495 P.2d 1388 (Ct.App.1972); Woods v. State, supra.

The order denying post-conviction relief is affirmed.

It is so ordered.

HERNANDEZ and LOPEZ, JJ., concur.