528 F.2d 650

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Bernabe D. MAESTAS, Defendant-Appellant.**

**No. 1294.**

Court of Appeals of New Mexico.

Sept. 18, 1974.

Certiorari Denied Nov. 11, 1974.

Elvin Kanter, John J. Carmody, Jr., Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., George A. Morrison, Sp. Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

On November 21, 1972, defendant was arrested for illegal possession of *heroin*. On December 7, 1972, a grand jury indictment was filed in which defendant was charged with unlawful possession of a con-

trolled substance, to-wit: a narcotic drug enumerated in Schedule I contrary to §§ 54–11–23, 54–11–6, N.M.S.A.1953 (Repl. Vol. 8, pt. 2, 1973 Supp.).

On April 17, 1973, defendant moved to dismiss the indictment because on January 24, 1973, defendant had been previously convicted in Bernalillo County Magistrate Court of the crime of possession of controlled substances on the same date and at the same place as the date and place at which he is charged with the possession of narcotic drugs, thus subjecting defendant to double jeopardy. The motion was denied.

The state and defendant stipulated that a criminal complaint was filed in the Magistrate Court of Bernalillo County in which defendant was charged with the crime of unlawful possession of less than one ounce of *marijuana* on November 21, 1972 contrary to § 54–11–23, supra; that on January 24, 1973, defendant was convicted and a penalty imposed; "and that the facts and circumstances upon which said conviction was based are the same as the facts and circumstances upon which the conviction in the above-styled and numbered cause was based, *except for the items possessed.*" (Emphasis added).

The heroin and marijuana were obtained by the execution of a search warrant at 1513 Lead, Southeast, Apartment No. 4, in which defendant and two women were present.

In the District Court, defendant was convicted of illegal possession of *heroin.* In the Magistrate Court, defendant was previously convicted of the illegal possession of *marijuana.* Heroin and marijuana are classified as controlled substances by § 54–11–6, Schedule I, supra.

In both courts, defendant was convicted under § 54–11–23, supra. It provides in part:

It is unlawful for any person intentionally to possess a controlled substance

. . . .

■ This court has adopted the rule that a conviction for a minor offense in a municipal court will bar a prosecution for the greater offense in district court where defendant is placed on trial for the same alleged crime, even though the municipal court did not have jurisdiction of the greater offense. Woods v. State, 84 N.M. 248, 501 P.2d 692 (Ct.App.1972); State v. Gonzales, 84 N.M. 726, 507 P.2d 787 (Ct. App.1973).

This rule would be equally applicable to a prior conviction for a minor offense in the magistrate's court. Art. VI, § 1 of the New Mexico Constitution provides:

The judicial power of the state shall be vested in . . . a Supreme Court, a court of appeals, *district courts*; probate courts, *magistrate courts* and such other courts inferior to the district courts . . . . [Emphasis added].

■ The judicial power to try defendant on a misdemeanor in the magistrate court springs from the same organic law that created the district court in which defendant was tried and convicted of a felony. Therefore, defendant cannot lawfully be tried both by the magistrate court and the district court for the identical offense. Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), rehearing denied, 398 U.S. 914, 90 S.Ct. 1684, 26 L.Ed. 2d 79 (1970). This rule was adopted in *Woods*, supra, and *Gonzales*, supra.

We now arrive at the crucial point on the meaning of double jeopardy.

Amendment V, United States Constitution provides in part:

. . . nor shall any person be subject *for the same offense* to be twice put in jeopardy of life or limb. [Emphasis added].

Art. II, § 15, New Mexico Constitution provides in part:

. . . nor shall any person be twice put in jeopardy *for the same offense.* [Emphasis added].

Section 40A–1–10, N.M.S.A.1953 (2d Repl.Vol. 6) provides in part:

No person shall be twice put in jeopardy *for the same crime.* The defense of jeopardy may not be waived and may

be raised by the accused at any stage of a criminal prosecution, either before or after judgment. [Emphasis added].

The double jeopardy issue turns on the meaning of "the same offense." Prior to 1973, two approaches took place in New Mexico.

*First. "The same evidence test."*

This test was stated in Owens v. Abram, 58 N.M. 682, 684, 274 P.2d 630, 631 (1954), cert. denied, 348 U.S. 917, 75 S.Ct. 300, 99 L.Ed. 719 (1955), as follows:

If either information requires the proof of facts to support a conviction which the other does not, the offenses are not the same and a plea of double jeopardy is unavailing.

This rule was followed in State v. Mares, 79 N.M. 327, 442 P.2d 817 (Ct. App.1968); State v. Tijerina, 84 N.M. 432, 504 P.2d 642 (Ct.App.1972) certified to the Supreme Court.

*Second. "The same transaction" test.*

This test was stated in State v. Quintana, 69 N.M. 51, 364 P.2d 120 (1961) as follows:

However, if the several offenses are the same, as where they arise out of the same transaction, and were committed at the same time, and were part of a continuous criminal act, and inspired by the same criminal intent, which is an essential element of each offense, they are susceptible of only one punishment.

This test was followed in State v. Blackwell, 76 N.M. 445, 415 P.2d 563 (1966); State v. Martinez, 77 N.M. 745, 427 P.2d 260 (1967) and several others ending with Campion v. State, 84 N.M. 137, 500 P.2d 422 (Ct.App.1972).

*Third. "Same evidence" and "Same transaction" tests abandoned.*

In State v. Tijerina, 86 N.M. 31, 519 P. 2d 127, 129, 130 (1973) the Supreme Court stated:

The United States Supreme Court in Ashe v. Swenson, supra, [397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970)] did not apply "same transaction" test which would prohibit the piecemeal prosecution of multiple crimes arising out of the same transaction. Nor did it apply the "same evidence" test which would prohibit a second prosecution only when the matter set out in the second indictment would have been sufficient to secure a conviction on the first. *What the court did adopt was a test that looked to all the relevant matters of the trial, and sought to determine whether or not the jury, in reaching its verdict in the first trial, necessarily or actually determined the same issues which the State attempts to raise in the second trial.* Therefore, the test proposed in Ashe v. Swenson, supra, *will be utilized by this court* in considering whether or not the second trial and convictions violate the Fifth and Fourteenth Amendment's protection against double jeopardy. [Emphasis added].

■ The two tests previously stated have been abandoned. We are confronted with the third test.

We must determine whether the conviction in the first trial, necessarily or actually determined the same issues which the state raised in the second trial.

In Ashe v. Swenson, supra, defendant was acquitted in the first trial for robbery. He was convicted in the second trial for the same robbery. The second trial related to another victim of the same robbery. Double jeopardy arose because under the circumstances of this case, the name of the victim had no bearing upon the issue of whether defendant was one of the robbers.

This same rule applies where a search disclosed several drugs, and defendant was acquitted of possession of those drugs. He could not be tried again as to other drugs found under the same circumstances. Hawk v. Mills, 476 P.2d 86 (Okl.Cr.1970).

In State v. Tijerina, supra, defendant was acquitted in the first trial for (1) kidnapping of Deputy Sheriff Dan Rivera, (2) false imprisonment of Dan Rivera and (3) assault upon the Rio Arriba County Courthouse and jail. In the second trial,

defendant was convicted of assault with intent to commit a violent felony to-wit: to kill or to commit mayhem and (2) false imprisonment of Peter Jaramillo. Double jeopardy did not arise because defendant did not claim an alibi, and " . . . when the jury acquitted Tijerina of all three charges, it did not necessarily conclude that he was not present at the jail that day, and thus did not commit any crimes. The jury simply concluded that he was not guilty of the crimes alleged."

■ In the instant case, defendant was convicted in the first trial of the unlawful possession of a controlled substance, to-wit, less than one ounce of marijuana. Defendant was convicted in the second trial of the unlawful possession of a controlled substance, to-wit, heroin. The facts and circumstances upon which each conviction occurred were the same, except for the items possessed. " . . . [T]he two cases required different proof" of the items possessed. But "identity of proof is but a test. The real question is the identity of the offense. . . . 'But the same "offense" cannot be split into many parts and made the subject of inumerable prosecutions. . . . The prosecution cannot thus split up into an indefinite number of charges what was in fact but one act and one offense.' " State v. Romero, 33 N.M. 314, 267 P. 66 (1928).

If the defendant had unlawfully possessed 42 controlled substances under Schedule I(A), § 54–11–16, supra, the prosecution cannot split up into 42 charges what was in fact one act and offense.

■ The theft of several articles at the same time constitutes but one offense although such articles belong to several different owners. Where a person is in unlawful possession of stolen property, stolen from two different owners at different times, there can be only one prosecution for receiving stolen property. People v. Bauer, 1 Cal.3d 368, 82 Cal.Rptr. 357, 461 P.2d 637 (1969); People v. Lyons, 50 Cal. 2d 245, 324 P.2d 556 (1958); Annot. 28 A.L.R.2d 1182, 1184 et seq.

In the light of State v. Tijerina, supra, when we look at all of the relevant matters of the trial, we note that the magistrate court, "in reaching its verdict in the first trial, necessarily or actually determined the same issues which the State attempts to raise in the second trial."

Branch v. Mills, 500 P.2d 590 (Okl.Cr. 1972) most closely resembles the instant case.

Branch was arrested for the offense of Unlawful Distribution of a Controlled, Dangerous Drug. After the arrest, the police officers obtained a search warrant for the residence, in front of which, Branch was arrested. The house was searched. Amphetamines and marijuana were found. Branch was charged with the offense of Unlawful Possession of Controlled Drugs (amphetamines); Unlawful Possession of Marijuana and Unlawful Possession of Hashish *with Intent to Distribute* (the hashish taken from the person of the petitioner). Branch pleaded guilty to the offense involving amphetamines and marijuana found in his home.

The Court of Criminal Appeals of Oklahoma held that double jeopardy did not arise because Unlawful Possession of a Controlled Drug, and Unlawful Possession of a Controlled Drug "With Intent to Distribute" were two different offenses. "With Intent to Distribute" was an additional material element of this crime. The court said:

The proof necessary to a conviction for the offense of Possession of Controlled Drugs With Intent to Distribute is different from that of simple Possession of Marijuana, in that, there must be evidence indicating the petitioner did have the intent to distribute as a material element of the alleged crime.

We believe this language to mean that the issues determined in the plea of guilty for Unlawful Possession, were not necessarily or actually the same issues which the state attempts to raise in the second trial for Unlawful Possession with Intent to Distribute.

In the instant case, the issues determined for Unlawful Possession of a Controlled Substance (Marijuana), were the same issues which the state determined in the second trial for Unlawful Possession of a Controlled Substance (Heroin).

The judgment in the district court is vacated and the case dismissed with prejudice.

It is so ordered.

LOPEZ, J., concurs.

WOOD, C. J., dissents.

WOOD, Chief Judge (dissenting).

Defendant contends that: (1) he committed only one crime, and (2) the district court conviction was barred by the constitutional prohibition against double jeopardy. The majority hold that the district court conviction for possession of heroin is barred by the aspect of double jeopardy known as collateral estoppel. They reach this result by holding that the issues determined in the magistrate court conviction for possession of marijuana were the same issues determined in the district court conviction of possession of heroin. I disagree. I would affirm on the basis that neither of defendant's contentions have merit. Since the majority dispose of the case on the double jeopardy issue, my only comment on defendant's first contention is that § 54–11–23, N.M.S.A.1953 (Repl.Vol. 8, pt. 2, Supp.1973) provides that each unlawful possession of a controlled substance is a separate crime. The following discussion is concerned with the double jeopardy issue.

The constitutional requirements of double jeopardy prohibit a person from twice being put in jeopardy "for the same offense." U.S.Const., Amend. V; N.M. Const. Art. II, § 15.

If the same offense was involved in the magistrate and the district court, constitutional double jeopardy provisions bar the district court prosecution. Robinson v. Neil, 409 U.S. 505, 93 S.Ct. 876, 35 L.Ed.2d 29 (1973); Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970); State v. Gonzales, 84 N.M. 726, 507 P.2d 787 (Ct.App.1973); Woods v. State, 84 N.M. 248, 501 P.2d 692 (Ct.App.1972).

The double jeopardy issue turns on the meaning of "the same offense." Collateral estoppel is not involved because the magistrate court trial, involving marijuana, did not necessarily nor actually determine the issue in the district court trial involving heroin. See Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); State v. Tijerina, 86 N.M. 31, 519 P.2d 127 (1973).

Two approaches have been followed in determining whether a subsequent prosecution is for the same offense as a prior prosecution. Those approaches are concerned with the "same evidence" and the "same transaction." I disagree with the majority's comment that these two approaches to double jeopardy were abandoned in State v. Tijerina, supra. That decision discusses only the collateral aspect of double jeopardy.

Various New Mexico decisions have applied the "same evidence" test. "In determining whether the offenses charged are the same, the test is whether the facts offered in support of one, would sustain a conviction of the other. If either information requires the proof of facts to support a conviction which the other does not, the offenses are not the same and a plea of double jeopardy is unavailing." Owens v. Abram, 58 N.M. 682, 274 P.2d 630 (1954), cert. denied, 348 U.S. 917, 75 S.Ct. 300, 99 L.Ed.2d 719 (1955); see State v. Martinez, 77 N.M. 745, 427 P.2d 260 (1967); State v. Goodson, 54 N.M. 184, 217 P.2d 262 (1950); State v. Woods, 85 N.M. 452, 513 P.2d 189 (Ct.App.1973); Woods v. State, supra; State v. Mares, 79 N.M. 327, 442 P.2d 817 (Ct.App.1968). Under the "same evidence" test, there was no double jeopardy because the factual proof differed in the two prosecutions. The difference in proof was the difference in proving marijuana and proving heroin.

The "same transaction" approach to double jeopardy is concerned with whether the offenses were committed at the same time, were part of a continuous criminal act, and were inspired with the same criminal intent. Several New Mexico decisions refer to this approach. State v. Goodson, supra, rejects the "same transaction" approach, approving the view that "same offense" does not mean the same transaction, same act, same circumstances or same situation. State v. Mares, supra, also rejects the "same transaction" approach when it states there is no double jeopardy "unless the offense to which it is interposed is the same in law and in fact as the prior one."

However, State v. Quintana, 69 N.M. 51, 364 P.2d 120 (1961) applied the "same transaction" approach in holding that the offense of grand larceny had merged with the offense of armed robbery. The offenses merged because the larceny was "necessarily included" in the armed robbery. See also State v. Blackwell, 76 N.M. 445, 415 P.2d 563 (1966); State v. Everitt, 80 N.M. 41, 450 P.2d 927 (Ct.App.1969). These decisions limit the "same transaction" approach to necessarily included offenses. State v. Martinez, supra. Because possession of marijuana is not necessarily included in possession of heroin, State v. Quintana, supra, does not support defendant's double jeopardy claim.

State v. Anaya, 83 N.M. 672, 495 P.2d 1388 (Ct.App.1972) does not limit the "same transaction" test to a "necessarily included" offense. Although *Anaya*, supra, cites State v. Quintana, supra, as authority, it goes beyond the holding in *Quintana*, supra. *Anaya*, supra, appears to be based on the concurring opinion of Justice Brennan in Ashe v. Swenson, supra. That concurring opinion is a minority. The majority in Ashe v. Swenson, supra, do not hold that the "same transaction" test is a constitutional requirement. State v. Tijerina, supra.

Although the "same transaction" approach is not a constitutional requisite to be applied to a double jeopardy issue, the question is whether State v. Anaya, supra, should be followed in this case. In my opinion, the answer is "No." The "same transaction" test is valid only when "transaction" means a single criminal act. Commonwealth v. Ashe, 343 Pa. 102, 21 A.2d 920 (1941), cited with approval in State v. Quintana, supra. "The principal shortcoming of this [same transaction] approach is that any sequence of conduct can be defined as an 'act' or a 'transaction.'" Twice in Jeopardy, 75 Yale L.J. 262, at 276 (1965–66). The "same transaction" test would make the defense of double jeopardy depend on how "act" was defined. In this case, there is the act of possessing marijuana and the act of possessing heroin. Are these possessions two acts or one act, two transactions or one transaction?

In my opinion, the "same transaction" test is not to be extended beyond State v. Quintana, supra, and State v. Anaya, supra, is not to be followed. There being no collateral estoppel, there being no necessarily included offense and the factual basis being different, the constitutional prohibition of double jeopardy did not bar prosecution for the unlawful possession of heroin.

Even if the "same transaction" approach were to be followed, the facts are insufficient for its application in this case. The stipulation is that the facts and circumstances are the same except for the items possessed. However, the stipulation does not disclose those facts and circumstances. The evidence at the heroin trial is that the heroin was found at two different locations within the house searched pursuant to a search warrant. We do not know where the marijuana was found. We do not know when or how defendant came into possession of either the heroin or marijuana. We do not know whether the possession of each substance was acquired at the same time. We do not know whether the possession of both substances were part of a continuous criminal act or were inspired with the same criminal intent. The stipulation is insufficient to support a ruling of

double jeopardy under the "same transaction" approach. See Branch v. Mills, 500 P.2d 590 (Okl.Cr.1972); compare State v. Romero, 33 N.M. 314, 267 P. 66 (1928).

I dissent.