543 P.2d 1189

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Jay Lee WATKINS, Defendant-Appellant.**

**No. 1990.**

Court of Appeals of New Mexico.

Oct. 21, 1975.

Rehearing Denied Nov. 3, 1975.

Certiorari Denied Dec. 5, 1975.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, Appellate Defender, Donald Klein, Jr., Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Mark Shoesmith, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Convicted of conspiracy to commit burglary and burglary, defendant appeals. Sections 40A–28–2 and 40A–16–3, N.M.S.A. 1953 (2d Repl.Vol. 6).

Defendant asserts he cannot be convicted of both crimes because they are in effect either the same crime or are so similar that multiple convictions are prohibited. We need not discuss defendant's various theories because the contention ignores the facts. The evidence is that the conspiracy was entered on the evening of November 16th and the conspirators unsuccessfully attempted to carry out the conspiracy at 10:30 p. m. of that day. The evidence is that the burglary was performed between 9:00 and 9:30 a. m. of November 17th. The evidence is of two distinct crimes. There is no factual basis for the contention. See *State v. Woods,* 85 N.M. 452, 513 P.2d 189 (Ct.App.1973).

Defendant claims the trial court erred in refusing to instruct the jury on the defense of drug intoxication. See *State v. Nelson,* 83 N.M. 269, 490 P.2d 1242 (Ct.App.1971). There is evidence that defendant used demerol on the evening of November 16th, but no testimony as to the amount used or when it was used. Defendant is characterized as "stoned" or "high" but the only evidence explaining these conclusions is that he could not walk or communicate "too good". "I just had to lay down and take it easy." Defendant says he went to sleep and awoke the next morning at 4:00 a. m. "and did some more drugs", that at 6:00 or 6:30 a. m. he was "getting high". Defendant stated he was "high" when he left the house en route to the burglary. There is no evidence of what drug was taken or the amount. The evidence of the effect of the unspecified drugs, taken in the morning, does not support defendant. He claimed he drove the car on one errand before driving to the scene of the burglary and climbed a pipe to the roof of the burglarized store with the intention of warning his comrades about the presence of the police.

This evidence was vague and was insufficient to raise a jury question as to drug intoxication in connection with either crime. Compare, *State v. Gutierrez,* 88 N.M. 448, 541 P.2d 628 (Ct.App.), decided October 7, 1975. Contrast, *State v. Crespin,* 86 N.M. 689, 526 P.2d 1282 (Ct.App. 1974).

Oral argument is unnecessary. The judgment and sentence are affirmed.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.