[No. 43872.    En Banc.    December 2, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. TERRY M. MORLOCK, *Appellant*.

*Walstead, Mertsching, Husemoen, Donaldson & Barlow,* by *C. C. Bridgewater, Jr.,* for appellant.

*Henry R. Dunn, Prosecuting Attorney,* and *James E. Warme, Chief Criminal Deputy,* for respondent.

WRIGHT, J.—The questions involved herein relate to the constitutional prohibition against double jeopardy contained in both the state (Const. art. 1, § 9) and the federal (Fifth Amendment) constitutions, and the collateral estoppel rule.

Appellant threw a lighted firecracker from his vehicle on Interstate 5 in Cowlitz County on July 3, 1974. He was stopped by a state patrolman who asked all persons in the vehicle to get out. Appellant, upon leaving the vehicle threw some objects onto the shoulder of the highway, which objects were recovered by the officer. It was found

the objects were a small bag of marijuana and a rouge box which contained LSD. The officer charged appellant by means of a traffic ticket for possession of the marijuana, which was filed in the Cowlitz County District Justice Court on July 5, 1974.

Appellant was tried on August 9, 1974, for the possession of marijuana, a misdemeanor, and was convicted. The prosecuting attorney for Cowlitz County was not informed of the misdemeanor charge before it was filed by the officer.

On July 11, 1974, appellant was charged by information filed in the Superior Court with the crime of possession of LSD. Following a jury trial appellant was convicted. Judgment and sentence were signed January 17, 1975. On May 22, 1975, appellant's motions for leave to proceed in forma pauperis and for appointment of counsel for appeal were granted and this appeal followed.

Appellant was represented by counsel in the District Court and in the Superior Court, but by different counsel.

The question presented is: Did the conviction for possession of marijuana bar the prosecution for possession of LSD? We answer in the negative and affirm the conviction.

Appellant contends that he is immune from the second prosecution, the felony of possession of LSD, on two theories: (1) double jeopardy, and (2) collateral estoppel. He asserts in support of those contentions that the two charges involve the identical offense and identical issues.

■ Double jeopardy and collateral estoppel are often confused, and have some similarities, and also substantial differences. The prohibition against double jeopardy applies regardless of whether the first trial resulted in conviction or acquittal. The rule of collateral estoppel applies only if the first trial has resulted in acquittal.

In the recent case of *Hill & Range Songs, Inc. v. Fred Rose Music, Inc.*, 403 F. Supp. 420 (M.D. Tenn. 1975), the court said at page 434:

> The proposition is well established that collateral estoppel applies only to bar the re-litigation of issues that were decided adversely to the interests of the parties

seeking to re-litigate them, and this needs no citation of authority.

In *Alvord v. State*, 322 So. 2d 533 (Fla. 1975), the court said at page 539:

"Collateral estoppel" means that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future law suit. Where a previous judgment of acquittal was based upon a general verdict, the federal rule of collateral estoppel requires the Court to examine the record of the prior proceeding and to conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.

The case of *United States v. Kills Plenty*, 466 F.2d 240 (8th Cir. 1972) held an acquittal in a tribal court of the Rosebud Sioux Tribe on a charge of driving while intoxicated would bar introduction of evidence of intoxication in a subsequent prosecution for involuntary manslaughter in a federal district court.

In *United States v. Kramer*, 289 F.2d 909 (2d Cir. 1961), the court said at page 915:

A defendant who has satisfied one jury that he had no responsibility for a crime ought not be forced to convince another of this . . .

Appellant relies upon the cases of *Ashe v. Swenson*, 397 U.S. 436, 25 L. Ed. 2d 469, 90 S. Ct. 1189 (1970); *Harris v. Washington*, 404 U.S. 55, 30 L. Ed. 2d 212, 92 S. Ct. 183 (1971); and *State v. Maestas*, 87 N.M. 6, 528 P.2d 650 (1974).

All of those cases were decided on the theory of collateral estoppel, which was properly applied in *Ashe* and in *Harris*. The New Mexico court discussed collateral estoppel in detail in *Maestas*; however, that case should have been disposed of on the theory of double jeopardy.

The basis for collateral estoppel is that certain issues which are essential to establish essential elements or an essential element of the crime have been litigated and have resulted in a determination in favor of the defendant. Dou-

ble jeopardy on the other hand attaches as soon as a trial is started. The traditional view is that double jeopardy will attach after a jury is empaneled and sworn and the first witness for the prosecution has taken the stand, been sworn, and has been asked one question and has answered that question. At that point any termination of the trial will prevent another trial on the same charge with a few exceptions. The exceptions include, but are not limited to, such instances as a mistrial granted on the motion of the defendant, or a mistrial resulting from failure of the jury to agree upon a verdict.

There are other differences between collateral estoppel and double jeopardy. The former is based upon a rule of the common law and is applicable to both civil and criminal litigation. The latter is based upon a constitutional guaranty and is applicable only to criminal litigation.

While a reading of the cases on these subjects will disclose much confusing language, we deem the foregoing to be a correct statement of the nature of collateral estoppel and of double jeopardy.

In the instant case the first trial resulted in a conviction and not in an acquittal. We are, therefore, dealing with double jeopardy and not with collateral estoppel. While it is true that in some cases there is language which might be taken to mean there is a merger of the two theories, in fact the most logical rule to be distilled from the case law is that if collateral estoppel exists in a criminal case that situation will bring into play the protection against double jeopardy as an end result.

Of the cases primarily relied upon by appellant only *State v. Maestas, supra,* is factually similar to the instant case. *Maestas* relies heavily upon *Hawk v. Mills,* 476 P.2d 86 (Okla. Crim. 1970).

*Hawk v. Mills, supra,* was a true case of collateral estoppel. In that case the defendant, Hawk, was acquitted upon a charge of possession of drugs. He was later charged with possession of a different drug. The issue in both trials was possession as he was arrested a distance from the location

of the drugs. All of the drugs involved in both cases were in a house. No drugs of any kind were found on defendant's person or in his automobile. If he were not in possession of the drugs in the one case he would not be in possession in the other case. The theory of the State in that case was that defendant was either a resident of the house wherein the drugs were found or was a frequent visitor at the house.

*State v. Maestas, supra,* is on facts similar to the facts in the instant case. Therein the New Mexico court discussed the "same evidence" test, the "same transaction" test, and a third test which the court stated as follows at page 8:

> We must determine whether the conviction in the first trial, necessarily or actually determined the same issues which the state raised in the second trial.

This so-called "third test" is in truth and in fact an adoption of the test for collateral estoppel. It is not the majority view.

■ The leading American case is *Morey v. Commonwealth,* 108 Mass. 433 (1871). Therein the court said at page 434:

> A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other. The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offence. A single act may be an offence against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.

The same evidence test has been applied in Washington from early times. *State v. Reiff,* 14 Wash. 664, 45 P. 318 (1896). The most recent case, *State v. Roybal,* 82 Wn.2d 577, 512 P.2d 718 (1973) contains a full discussion. Therein Washington adhered to the same evidence test and that is the law of this state. No useful purpose would be served in repeating the discussion in that case nor in citing the many authorities therein cited.

In the instant case there is an important difference in the evidence required to convict in the two trials. One requires proof of possession of marijuana and the other requires proof of possession of LSD. The proof in one case would not support a conviction in the other case.

We, therefore, affirm the conviction.

STAFFORD, C.J., and ROSELLINI, HUNTER, HAMILTON, UTTER, BRACHTENBACH, and HOROWITZ, JJ., concur.